**NATIONAL DEBENTURE CORPORATION v. ADAMS, District Judge, et al.**

No. 10773.

Court of Civil Appeals of Texas.
Galveston.

March 31, 1938.

Raymond E. Buck, of Fort Worth, and T. E. Richards, Jr., Vinson, Elkins, Weems & Francis, and E. E. Townes, Jr., all of Houston, for relators.

Howth, Adams & Hart and G. T. Adams, all of Beaumont, for respondents.

CODY, Justice.

This is an original prohibition proceeding involving a conflict of jurisdiction between the district courts of Orange and Harris counties. The record here, inclusive of the pleadings filed in this court with the exhibits, is so extended that we find it impossible to state more of the pleadings filed, and of the proceedings had, in the district courts than will suffice to make clear our holding, without unduly extending this opinion.

On July 6, 1936, respondent Mrs. Hood filed suit in the district court of Orange county, styled Mary S. Hood v. National Bond & Mortgage Corporation et al., and numbered on the docket, No. 6820. Relator was not named as a defendant in such suit; the defendants named therein being National Bond & Mortgage Corporation, City National Bank of Houston, V. Robertson, and Keswick Corporation. The material allegations of this petition were in substance these: That there is posted near the courthouse door of Orange county a notice of a trustee's sale (the notice is copied verbatim in the petition) to be held on July 7, 1936, by a substitute trustee signing such notice, of plaintiff's property in Orange county (describing it). That such notice is posted only in one public place in the county; that such notice of sale does not recite any legal authority in the substitute trustee to hold such sale, and such substitute trustee has no legal authority to undertake such sale; that no deed of trust conferred on such substitute trustee power to make such sale; that the National Bond & Mortgage Corporation is in receivership, and no authority to have any such sale has been granted by the court where the receivership is pending; that if plaintiff was ever indebted by virtue of the deed of trust referred to in the posted notice of sale, that defendants are not the owners of her obligation; but to the contrary the records of Orange county show defendants do not own any obligation of plaintiff, but that, if owned by any person,

it is a person different from defendants; that, notwithstanding the illegality of the attempted sale, and want of legal notice of it, defendants, etc., will, unless restrained, attempt to make such sale, and a cloud will be cast on plaintiff's title to her property. The prayer of the petition is for a temporary injunction restraining defendants, etc., from selling the property at the time alleged as shown in the notice of sale, and that they be commanded by injunction to refrain from selling or offering for sale plaintiff's property; and the prayer asks general and special relief. At an ex parte hearing, the court, on July 4, preceding the filing of the petition, granted the temporary injunction. And on July 6, 1936, the clerk issued a writ of injunction, effective until the return day of the next term (September 21, 1936), against defendants, their agents and servants, as prayed in the petition.

Relator, who, as heretofore stated, was not named as defendant in Mrs. Hood's petition, filed suit in the district court of Harris county on September 19, 1936, against Mrs. Hood, to recover judgment on her promissory note for $7,500 payable to the order of the National Bond & Mortgage Corporation, and to foreclose the lien securing its payment on her land in Orange county. The National Bond & Mortgage Corporation, the Baltimore Trust Company, and G. Roy Mueller, trustees, and the City National Bank of Houston, trustee, were made parties defendant also in this suit, as claiming some interest in the land, but which was alleged to be inferior to plaintiff's (relator here) lien. The suit was styled "National Debenture Corporation v. Mrs. Mary S. Hood et al.," and numbered on the docket of the district court of Harris county, No. 230994.

To the Harris county suit Mrs. Hood filed a plea in abatement, and subject thereto, her answer. The plea in abatement alleged that a suit between the same parties was pending in the district court of Orange county, as were parties to the Harris county suit, and that it involved an adjudication of the same rights between the same parties. To this plea was attached, as an exhibit, Mrs. Hood's original petition filed in the Orange county suit, the substance of which has already been given. What other proof of the allegations of the plea was offered does not appear. The plea of abatement was overruled; and relator here asserts, and respondents do not deny, that counsel for Mrs. Hood was in court when such ruling

was announced, and agreed that the ruling was correct. The record shows that no exception to the ruling was taken, and that Mrs. Hood promptly filed her first amended original answer, setting up therein by way of special answer to relator's suit that the note sued on was a renewal of a former note which had been executed by Mrs. Hood's husband (since deceased) and herself; and that such original note was not given in consideration of any matters for which Mrs. Hood could be held personally liable, and that the execution and delivery of the renewal note was without any consideration; and that the land on which the deed of trust was given was her business homestead, and consequently the trust deed void. Thereafter the Harris county suit was set down for trial, and the trial passed. In July, on the motion of Mrs. Hood for continuance because both she and her leading counsel were sick, the cause was continued. Then, on October 29, 1937, to pass over further mention of proceedings in the Harris county suit, Mrs. Hood filed in the district court of Orange county a suit to enjoin relator and relator's attorneys from prosecuting the Harris county suit. This second suit was styled "Mrs. Mary S. Hood v. National Debenture Corporation et al.," and numbered on the docket of the court No. 6895. Upon ex parte hearing the court granted the injunction prayed for. This second Orange county suit was subsequently consolidated with the original suit, and the pleadings amended, so that she asserted therein the matters that she had theretofore by way of defense pleaded in the Harris county suit, concerning her nonliability on the note, and the invalidity of the lien. The further proceedings had in the Orange county district court will not be stated, as it is certain that, by this time, jurisdiction to try the case had already attached, either in Harris county, or in Orange county; if in Orange county, by reason of the filing of Mrs. Hood's original petition there on July 6, 1936; if in Harris county, because the filing of that petition in Orange county was insufficient to confer jurisdiction to try the issues made between the parties in the Harris county suit.

It is clear from the allegations of Mrs. Hood's petition, on file in the Orange county suit at the time the Harris county suit was filed, that the only purpose of her suit was to prevent the threatened sale of her property in the exercise of the power of sale provided in the deed of trust, and to

prevent a cloud being cast on her title by such threatened sale. From her said allegations as appears above it is clear that she knew that none of the defendants named in the petition owned the note nor the lien securing its payment, as she refers in such petition to the records of Orange county, which, at the time, reflected that the ownership of the note and lien was in relator, and not in either of the defendants named in her petition. Now, if relator was entitled to resort to court proceedings to collect its note and foreclose its lien, it was entitled to resort to the proper court in Harris county, where its debt was made payable, unless the district court of Orange county, where the land was situated, had already acquired jurisdiction. If the cause of action alleged by Mrs. Hood in her original petition filed in her first suit is of such a character that it can be amended so as to bring in the owner of the lien on her land (i. e., relator), which secured the payment of her note, and then challenge the validity of such lien without changing the substance of the issues tendered by her petition to be adjudicated in such suit, then, when such petition was filed in the Orange county district court, that court's jurisdiction attached. Because, when such petition was filed, that court's jurisdiction attached to the cause of action made by such petition, with power to permit proper pleadings to be filed, amended, amplified, and such new parties made as are proper and necessary to determine the essential questions involved; and to do all things with reference to the rights of the parties, and the matters in litigation, or properly to be put in litigation, which are authorized by the Constitution and laws of the State. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063; Conn v. Campbell, 119 Tex. 82, 24 S.W.2d 813. But, if the amendment which was filed in the Orange county suit in the latter part of 1937 (and which had for its object the placing in issue, in the district court of Orange county, between herself and the owner of her note and the lien on her land, the question of her liability on such note and the validity of such lien—and which she had theretofore urged in the Harris county suit), had the effect of changing the substance of the issue to be adjudicated in the Orange county suit, the filing of such amendment would operate as a dismissal of the then existing, and the commencement of a new action. Wortham v. Boyd, 66 Tex. 401, 1 S.W. 109.

It is our opinion that the amendment of the Orange county suit (attacking there Mrs. Hood's liability on her note and the validity of the lien securing its payment) could not be made without setting up a new cause of action. The gist of the Orange county suit, as made by Mrs. Hood's original petition, was the prevention of the exercise of the power of sale provided for in the deed of trust. The owner of her note and the lien securing its payment was not made a defendant to her suit. It is respondents' contention, however, that, though relator was not named as defendant in the original suit, originally, yet relator was in effect made a defendant, as being represented therein in the person of the substitute trustee, who was named as a defendant. This theory, that the making of the substitute trustee a party defendant to the original suit had the effect of making the beneficiary—i. e., the noteholder—a party to such suit, cannot be sustained. It finds no support in Texas decisions, and in the nature of things can find no support in those jurisdictions where the legal effect of a deed of trust is to leave the title to, and control over, the property mortgaged in the mortgagor. That, in Texas, a deed of trust is but a lien requires no citation of authority. The Texas cases cited by respondents are not in point; they relate to instances of assignments for benefit of creditors—instances where the property conveyed is, in virtue of such conveyance, placed beyond the control of those making such assignment, and where no equity of redemption remains. The attempted assertion by Mrs. Hood of the new cause of action, by amending her suit in Orange county, could speak only from the time that it was first filed, in the latter part of 1937. 11 Tex.Jur. p. 768; Littlefield v. Fry, 39 Tex. 299, 300; Ramirez v. Bank & Trust Co., Tex.Civ.App., 92 S.W.2d 523. The district court of Harris county first acquired jurisdiction over relator and Mrs. Hood to try the issues there made as to her liability on the note, and the validity of the lien. If there could be any doubt on this score, then Mrs. Hood, by urging her plea to the jurisdiction of that court, and accepting the ruling made thereon, resolved such doubt by submitting to such jurisdiction.

Respondents energetically assail our jurisdiction to issue a writ of prohibition to the district court of Orange county, which lies within the appellate jurisdiction of the

Beaumont Court of Civil Appeals. They concede our power, they invoke our jurisdiction, to prohibit the trial of the Harris county suit.

The sense of respondents' contention that we are without any jurisdiction to prohibit the Orange county district court from proceeding with the trial of the cause comes to this: That by article 1819, R.S.1925, as amended, Vernon's Ann.Civ.St. art. 1819, the appellate jurisdiction of Courts of Civil Appeals is defined, and is confined to courts located within their respective districts (except when, to equalize the dockets of Courts of Civil Appeals, they are transferred by the Supreme Court). Further, that the determination by the judge of the district court of Orange county that his court has exclusive jurisdiction over the litigation must, of necessity, be either correct or incorrect; if correct, such determination should not be interfered with by any appellate court; but, if incorrect, the remedy for such error is by appeal or writ of error to the Beaumont Court of Civil Appeals. Further, that since the determination by the Orange county district court that it has jurisdiction, if erroneous, is correctable by the Beaumont Court of Civil Appeals in the exercise of its appellate jurisdiction, any action by this court, in the exercise of its original jurisdiction, which would have the effect of holding the decision by the Orange county district court erroneous, would necessarily encroach upon the appellate jurisdiction of the Beaumont court.

 We examined our jurisdiction to issue a writ of prohibition in such an instance as the present in the recent case of Driscoll v. Casstevens, Tex.Civ.App., 110 S. W.2d 958. We there ruled that we had such jurisdiction. However, in deference to the earnest insistence of respondents that we again examine our jurisdiction, we have done so. We see no cause to change our former ruling. While it is true that the appellate jurisdiction of Courts of Civil Appeals is confined to "cases within the limits of their respective districts" by statute, at the same time they are not deprived of power to protect the orderly trial of causes in courts lying within their respective districts, even against interference by courts beyond the limits of such appellate jurisdiction. Indeed, the power to issue a writ of prohibition is conferred upon Courts of Civil Appeals by the same statutory grant of jurisdiction that confers jurisdiction to issue writs of mandamus. And the express original jurisdiction conferred on a Court of Civil Appeals to mandamus a judge presiding over a court within its appellate district to proceed to trial and judgment would be a nullity if such court did not at the same time have power to prohibit other trial judges from interfering with such a trial. Thus the power to order one judge to proceed to trial and judgment in a cause does, of itself, necessarily imply the power to prohibit all other judges from interference with obedience to such order. Furthermore, the power to mandamus a judge who presides over a court to proceed to trial and judgment in a cause necessarily includes the power to determine that the court over which he presides has jurisdiction over the cause ordered tried; and the determination that a court lying within the First Supreme Judicial District has the duty to proceed to trial and judgment in a cause is, of itself, a determination that all courts of coordinate jurisdiction—wherever located—owe the duty not to interfere with such trial. The fact that the Orange county district court lies without the First Supreme Judicial District does not put it beyond the power of this court to inquire whether such court is threatening to try a cause over which the Harris county district court has, and ought to exercise, exclusive jurisdiction. An erroneous determination by a district judge that his court has jurisdiction to try a cause cannot, of itself, confer appellate jurisdiction on the Court of Civil Appeals to which appeals go from such district court; for, on appeal, the Court of Civil Appeals will render the judgment that the trial court should have rendered—i. e., a judgment of dismissal—the judgment that no jurisdiction to try such cause had attached in the trial court, or existed in the appellate court. Furthermore, it might be added that the exercise of this court's power to issue a writ of prohibition is an exercise of its original jurisdiction, not of its appellate jurisdiction. A limitation, therefore, upon our appellate jurisdiction does not necessarily apply to the exercise of our original jurisdiction. We have no doubt of our jurisdiction in this case. The situation here is the legal equivalent of that presented in the Casstevens Case, supra.

Writs of prohibition will issue as prayed for by relator.

Respondents' application refused.

PLEASANTS, C. J., absent.