## O. K. THEATRES, Inc., et al. v. JOHNSON et al.

### No. 11212.

Court of Civil Appeals of Texas. Galveston.

Dec. 12, 1940.

Wm. H. Flippen and John W. Miller, both of Dallas, for relators.

Edward M. Winkler, of Fort Stockton, for respondents S. C. Johnson and others.

CODY, Justice.

This is a writ of prohibition proceeding. It is here instituted by relators against the Honorable W. C. Jackson, Judge of the 112th District Court of Pecos County, Texas, and against S. C. Johnson, Mrs. Lurline Johnson, Walter Donald Johnson, and Mrs. Sammie Ruth (Johnson) Lynch, and husband, F. M. Lynch, Jr., respondents. It is sought to prohibit the Honorable W. C. Jackson from hearing, and the other named respondents from prosecuting, cause numbered on the docket of said district court 970, and styled Mrs. Lurline Johnson et al. v. Oskar Korn.

Relators' application for the writ of prohibition is based on allegations which are in substance these:

That relators on August 14, 1940, filed in the 80th Judicial District Court of Harris County, Texas, cause number D-268,439, styled Oskar Korn et al. v. Federated Hardware Mutuals et al., in which, among other things, relators, as plaintiffs, seek as against respondents S. C. Johnson and Walter Donald Johnson, as defendants, the cancellation of a lease contract on a theatre building in Fort Stockton, Texas, alleged to have been virtually destroyed by fire. (Certified copy of the petition relators filed in the Harris County suit is attached to relator's application for writ of prohibition.)

That respondents S. C. Johnson and Walter Donald Johnson on August 17, 1940, sued relators, in cause No. 2636 in the 83rd District Court of Pecos County, and in said suit said respondents, as plaintiffs, sued for rent and other money which is alleged to have accrued after the date when relators' right to cancellation had attached. (A copy of the petition filed in the Pecos County suit No. 2636 is attached to the application.) That thereafter, and after leave to file an application for a writ of prohibition against the prosecution of said cause No. 2636 had been granted by this Court and set for hearing, plaintiffs in said cause No. 2636 dismissed same, and the application for writ of prohibition against the further prosecution of cause No. 2636 was dismissed as moot by this Court.

That, thereafter, respondents Walter Donald Johnson and S. C. Johnson filed a suit in Brewster County, being cause No. 1937, styled Lurline Johnson et al. v. Oskar Korn et al., and in said suit sought to recover money alleged to be due under the aforesaid lease contract, being a matter having been put in issue in the Harris County suit aforesaid between these relators and Walter Donald and S. C. Johnson. That the petition in the Brewster County suit (certified copy of which is attached to the application for writ of prohibition) alleged, among other matter: "That the aforesaid property (meaning the theatre property which was the subject matter of the lease which was

sought to be cancelled in the Harris County suit) now belongs to plaintiff Walter Donald Johnson, and he is entitled to all of the uses and benefits accruing under said contract and leasehold agreement that S. C. Johnson had and received when the same was originally executed."

· That thereafter relators applied to this court for leave to file application for writ of prohibition against the prosecution of the Brewster County suit, and it was then made to appear that S. C. and Walter Donald Johnson dismissed their said cause No. 1937, and the application was dismissed as against them as moot, and thereafter Lurline Johnson, who was co-plaintiff in the Brewster County suit, dismissed said suit.

That in the Harris County suit respondents S. C. Johnson and Walter Donald Johnson, as defendants, filed pleas of privilege to have said Harris County suit transferred to the District Court of Pecos County, Texas. At the hearing thereon, on November 20, 1940, it was developed in the evidence that cause No. 970 had been filed in the 112th District Court of Pecos County, wherein respondents herein, other than the Honorable W. C. Jackson, judge of said Court, were plaintiffs, and relators were defendants. It is alleged in plaintiffs' petition in said Pecos County suit (and a certified copy is attached to relators' application herein) that there had been a written agreement between said plaintiffs whereby the title to the theatre property was vested in undivided interests, as follows: In Lurline Johnson, an undivided three-fifths interest; in Walter Donald Johnson, an undivided one-fifth interest; in Sammie Ruth (Johnson) Lynch, an undivided one-fifth interest. . That said agreement, which is alleged to have been made prior to the institution of the Harris County suit, among other things provides: "It is understood that S. C. Johnson shall have control of all of said property (including the property involved in the Harris County suit) during his life time. That is to say, he can rent, lease and hold same, collecting all rents, paying all taxes and looking after it, net revenues from same to be owned in proportion herein stated, and we, Lurline Johnson, Walter Donald Johnson and Sammie Ruth Johnson, hereby authorize and empower the said S. C. Johnson to handle said property as stated above for us and in our stead."

And relators assert that by said agreement S. C. Johnson is agent and trustee for Mrs. Johnson, Walter Donald Johnson, and Mrs. Lynch, the wife and children of S. C. Johnson, respectively.

Relators plead that at the time of instituting the Harris County suit they did not know of said agreement, and that Walter Donald Johnson was the record owner of the theatre property by virtue of the decree entered in the Federal District Court at El Paso, Law No. 1760, styled Walter Donald Johnson v. Mrs. Lurline Johnson et vir. (copy of said judgment is attached to relators' application).

Relators further alleged that in the Harris County suit, they made Walter Donald Johnson, a party defendant, as being the record owner, and S. C. Johnson, as claiming some character of interest, therein, and that thereby the record owner of the property and trust agent, and attorney in fact, were parties to the Harris County suit.

Relators further alleged that the filing of cause No. 970 was an invasion of the jurisdiction of the district court of Harris County, and an encroachment upon the jurisdiction of this court, and an interference with the orderly trial of the Harris County suit, and relators seek to enjoin plaintiffs in cause No. 970 from further prosecution of same, in addition to applying for writ of prohibition.

By supplemental application, relators allege that on November 30, 1940, the pleas of privilege of the defendants in the Harris County case, being respondents S. C. Johnson and Walter Donald Johnson, were overruled, and that they have given notice of appeal therefrom to this Court. (Certified copy of such order is attached to the application.)

Respondents' answer asserts that the application for the writ fails to show any ground therefor, and fails to show that relators have exhausted their remedy at law. Also that the Harris County suit was brought against the Federated Hardware Mutuals for the purpose of determining relators' rights to certain insurance funds, and that, as an incident to the recovery of such funds, relators asked for the cancellation of the lease on the Fort Stockton theatre property. And that the pleas of privilege to remove the Harris County suit to Pecos County were overruled on November 30, 1940, notwithstanding respondents filed disclaimers to any funds held by Federated Hardware Mutuals for relators, and although the Great Southern Life Ins. Co. also filed a disclaimer to any matter in con-

troversy. That the cause No. 970 filed in Pecos County was not filed to injure or harass relators. That the written agreement through which Mrs. Lurline Johnson and Mrs. Sammie Ruth (Johnson) Lynch own their rights had been lost, and was only found a short time before cause No. 970 was filed in Pecos County. That said last mentioned respondents own and control four-fifths of the property, and were not and are not parties to the Harris County suit, and their rights could not be determined in the Harris County suit, and that S. C. Johnson was only sued as an individual, and not in a representative capacity in said suit. That cause No. 970 is not returnable until January, 1941, term, and relators are not entitled to maintain their application for prohibition until they have first exhausted their remedy at law by filing a plea in abatement. Respondents also allege reasons for the filing and dismissals of the other suits.

■ We do not understand the force of respondents' answer where it refers to the overruling of pleas of privilege though disclaimers had been filed by certain parties, including S. C. and Walter Donald Johnson. Any assignments of error claimed to have been made in overruling pleas of privilege in the Harris County suit can only be considered in an appeal from such order in that case, and cannot be considered in this action.

■ When the petition of relators was filed in the District Court of Harris County "that court's jurisdiction attached to the cause of action made by such petition, with power to permit proper pleadings to be filed, amended, amplified, and such new parties made as are proper and necessary to determine the essential questions involved; and to do all things with reference to the rights of the parties, and the matters in litigation, or properly to be put in litigation, which are authorized by the Constitution and laws of the State. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063; Conn v. Campbell, 119 Tex. 82, 24 S.W.2d 813." National Debenture Corp. v. Adams, Tex.Civ.App., 115 S.W.2d 757, 760. Should it be conceded that Mrs. Johnson and Mrs. Lynch are necessary parties, still under the authorities cited, they were subjected to the jurisdiction of the Harris County District Court, by the filing of relators' petition in said Court. And by amendment, they can be made parties to said suit. It appears from relators' application that the record title to the Fort Stockton theatre property was in Walter Donald Johnson, and that relators knew that S. C. Johnson was claiming some interest therein. But it is plain that they knew nothing of the equitable estates of Mrs. Johnson and Mrs. Lynch, and therefore could not have made them parties to said suit when they instituted it. Now, under the authority of Cleveland v. Ward, supra, by amendment, Mrs. Johnson and Mrs. Lynch can be made parties. The point is too well settled to require further discussion.

■ We do not understand that any question is made as to our jurisdiction, when it is invoked, to protect the orderly trial of cases by the courts within our Supreme Judicial District, where jurisdiction to try same has attached, against interference by courts without said District. Driscoll v. Casstevens, Tex.Civ.App., 110 S.W.2d 958; National Debenture Corporation v. Adams, supra.

■ Under the undisputed facts in this case there is no doubt but that jurisdiction attached to the Harris County suit to try the issues as to whether the lease has remained in force from and after the time the building burned. If the lease contract should, under the law and facts, be cancelled, as of the time of the fire, the incidental result would be to cancel all rent to accrue thereunder thereafter. Under normal circumstances, these relators should urge a plea in abatement in the 112th District Court of Pecos County. For a plea in abatement urged there should effect the same result as a writ of prohibition, and if Courts of Civil Appeals entertained applications for writs of prohibition because there is apprehension that the trial court will rule adversely on a plea in abatement, the administration of justice would be in a very unsatisfactory state. It lies within the sound discretion of this court to grant the writ, even though a plea in abatement urged in the Pecos County suit should effect the same result. In the light of the history of this litigation, of the institution of three different suits encroaching on the jurisdiction of the Harris County District Court, we think that relators should not be further burdened by our declining to give a remedy which lies without our discretion.

Under these conclusions, it becomes our duty to grant the prayed for writ of prohibition. The clerk is therefore directed to issue a writ of prohibition against the Honorable W. C. Jackson, Judge of the 112th

Judicial District Court of Pecos County, Texas, commanding him to desist from further proceeding in, except an order of dismissal may be entered, and against the other respondents commanding them to desist from further prosecuting or attempting to prosecute, cause No. 970 pending on the docket of said district court of Pecos County, styled Lurline Johnson et al. v. Oskar Korn.

Application for writ of prohibition granted.