Rayford L. BALL, Relator,

v.

Hon. Jim C. LANGDON et al., Respondents.

No. 6521.

Court of Civil Appeals of Texas.

Amarillo.

March 28, 1955.

Burks & Brown, Lubbock, for relator.

No appearance for the respondents.

PER CURIAM.

This is a writ of prohibition proceedings. The proceedings were instituted in this court by Rayford L. Ball, relator, against the Hon. Jim C. Langdon, Judge of the 112th District Court of Pecos County, Texas and against Frances Mable Ball and her attorney, Shelby Blaydes, respondents. Upon the filing of the motion for leave to file petition for writ of prohibition, the same was ordered filed and an order was entered setting a hearing on the petition for writ of prohibition for Monday, March 21, 1955 at 10:00 A.M. and all parties notified of such hearing but none of the respondents appeared.

It is sought to prohibit the Hon. Jim C. Langdon from hearing, and the other named respondents from proceeding with, Cause No. 2174 on the docket of said District Court and styled Frances Mable Ball v. Rayford Leve Ball. The main contention relied upon by relator for the writ of prohibition is in substance as follows: That Rayford L. Ball and Frances Ball are man and wife and had lived together as husband and wife until on or about January 24, 1955 and that their residence and place of abode is in Lubbock County, Texas where they have resided for many years prior to January 24, 1955. That on January 24, 1955, Frances Mable Ball abandoned Rayford L. Ball and removed herself and children to Fort Stockton, Texas. That on February 4, 1955, Frances Mable Ball filed her petition for divorce in the 112th Judicial District Court of Pecos County, Texas, Cause No. 2174, styled Frances Mable Ball v. Rayford Leve Ball in which, among other things, she sought a divorce from Rayford Ball, custody of their minor children and to restrain Rayford Ball from disposing of property, etc. The petition alleges plain-

tiff had not resided in Pecos County for a period of six months prior to the filing of such petition. In accordance with the request in such petition, Judge Jim C. Langdon set a hearing upon such matters for February 19, 1955 at 10:00 A.M. in the County Courthouse located in the City of Fort Stockton, Pecos County, Texas. That, on February 12, 1955, Rayford L. Ball filed a petition for divorce in the 99th Judicial District Court of Lubbock, County, Texas in Cause No. 25088 styled Rayford L. Ball v. Frances Mable Ball and Shelby H. Blaydes in which, among other things, he sought a divorce and proper division of the property and orders concerning support of the children pleading also that he had resided in the State of Texas for more than twelve months and in the County of Lubbock for more than six months prior to the filing of his petition.

We are of the opinion when the petition in Cause No. 2174 abovementioned was exhibited to the Judge of the 112th Judicial District Court of Pecos County—which petition set out clearly that Frances Mable Ball had not resided in the County of Pecos where the suit was filed for a period of six months preceding the filing of this petition that the applicable rules of law governing such issue as pleaded clearly dictated to both the attorney for the plaintiff and to the trial court that Pecos County was not the forum in which the cause of action should have been filed and the case tried on its merits.

Article 4631 of Vernon's Annotated Civil Statutes of Texas provides:

"No suit for divorce shall be maintained in the Courts of this State unless the petitioner for such divorce shall at the time of exhibiting his or her petition, be an actual bona fide inhabitant of this State for a period of twelve (12) months, and shall have resided in the county where the suit is filed for six (6) months next preceding the filing of same. * * *"

It would seem that this statute is so emphatic as to the statement "No suit for

divorce shall be maintained" that no citation of authorities should be necessary as to this point but in the case of Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306, at 313, the Supreme Court stated:

"By the provisions of Section 16 of Article 1995, R.C.S. 1925, the venue of divorce actions is laid in the county where the plaintiff has resided six months next before the filing of the suit. By the provisions of Article 4631, R.C.S. 1925, as amended, Vernon's Ann.Civ.St. art. 4631, no plaintiff can maintain a divorce action in this State unless he or she shall have resided in the county where the suit is filed for six months next before the filing of the same. It is settled that Section 16 of Article 1995, supra, is a venue statute, pure and simple, but Article 4631 is more than a mere venue statute in that it defines not only the venue of divorce actions, but the qualifications of the plaintiff to bring the action as well. Of course, neither of these statutes is jurisdictional. Aucutt v. Aucutt, 122 Tex. 518, 62 S.W.2d 77, 89 A.L.R. 1198."

The Supreme Court, in the case of City of Houston v. City of Palestine, 114 Tex. 306, 267 S.W. 663, held that prohibition is not a writ of right but of sound discretion to be granted or withheld according to the nature of the circumstances of the particular case and the rules laid down in said cause are well in point in this case and determine the rule of law applicable herein. Since Frances Mable Ball had no right to have a divorce trial in Pecos County, Texas as shown by her own pleadings, the 112th Judicial District Court had no right to harass the relator by proceeding as it did. See O. K. Theatres, Inc., v. Johnson, Tex. Civ.App., 145 S.W.2d 628; and National Debenture Corporation v. Adams, District Judge, Tex.Civ.App., 115 S.W.2d 757.

Under these conclusions, it becomes our duty to grant the prayed for writ of prohibition. The clerk is therefore directed to issue a writ of prohibition against the Hon. Jim C. Langdon, Judge of the 112th Judicial District Court of Pecos County, Texas commanding him to desist from further proceedings in said Cause No. 2174 on the docket of said court, except an order of dismissal may be entered, and against the other respondents commanding them to desist from engaging in further proceedings as to such cause and from attempting to prosecute Cause No. 2174 pending on the docket of said District Court of Pecos County styled Frances Mable Ball v. Rayford Leve Ball.

Application for writ of prohibition granted.