**Order entered December 29, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00716-CV

### IN RE VICTOR ENTERPRISES, INC., Relator

**Original Proceeding from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-09-07625-A**

## ORDER
Before Justices Bridges, Lang-Miers, and Myers

Real party in interest Clifford Holland requests that the Court reconsider its jurisdiction to render the writ of mandamus and order signed on October 27, 2014 in this case. We conclude the Court properly exercised its jurisdiction in both instances.

Holland's contention the Court lacked authority to order Judge Benson to refrain from interfering with the unappealed justice court's judgments is incorrect. Texas courts have long recognized the power of an appellate court to prohibit litigation that interferes with an inferior court's judgment. *Cleveland v. Ward*, 285 S.W. 1063, 1068 (Tex. 1926) (orig. proceeding), *disapproved of on other grounds by Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992) (orig. proceeding). The power to prohibit litigation that interferes with the jurisdiction of another inferior court flows from the appellate court's authority to require lower courts to proceed to judgment. *Nat'l Debenture Corp. v. Adams*, 115 S.W.2d 757, 761 (Tex. Civ. App.—Galveston

1938, orig. proceeding). ("[T]he power to order one judge to proceed to trial and judgment in a cause does, of itself, necessarily imply the power to prohibit all other judges from interference with obedience to such order."); *Ward*, 285 S.W. at 1068 (pointing out power to issue writ of mandamus directing one trial judge to proceed to judgment necessarily implied correlative authority to make all other orders, including those for prohibition and injunction, "to protect and make efficacious" the exercise of mandamus authority). Judge Benson's actions do not simply represent a failure to give proper preclusive effect to the judgment of another court, *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex. 1989) (orig. proceeding), but rather constitute active interference with the jurisdiction of the justice court. *See In re Reliant Energy, Inc.*, 159 S.W.3d 624, 626 (Tex. 2005) (orig. proceeding) (mandamus relief should be granted where trial court has "actively interfered" with the jurisdiction of another court); *In re SWEPI, L.P.*, 85 S.W.3d 800, 809 (Tex. 2002) (orig. proceeding) (mandamus relief is appropriate when one court interferes with another court's jurisdiction). Thus, the Court's writ prohibiting Judge Benson from taking action to interfere with the unappealed justice court judgments was proper.

Holland is also incorrect in arguing the Court lacked jurisdiction to order the administrative judge of the Dallas County Civil Courts at Law to determine whether this case should be transferred from County Court at Law No. 1 to another court to provide for the "efficient operation of the court system and effective administration of justice" and to order the presiding judge of the First Administrative Judicial Region to perform that duty if the administrative judge of the Dallas County Civil Courts at Law was not able to perform that duty. Holland does not dispute the local administrative judge is required to "supervise the expeditious movement of court caseloads, subject to local, regional, and state rules of administration." TEX. GOV'T CODE ANN. § 74.092(a) (5) (West 2013). Nor does he deny the authority of the local

administrative judge extends to implementing and executing "the local rules of administration, including the assignment, docketing, transfer, and hearing of cases," TEX. GOV'T CODE ANN. § 74.092 (a) (1), and that the local administrative judge must "coordinate and cooperate with any other local administrative judge in the district in the assignment of cases in the courts' concurrent jurisdiction for the efficient operation of the court system and the effective administration of justice." TEX. GOV'T CODE ANN. § 74.092(a)(10). He does not disagree that the regional presiding judge has a mandatory statutory duty to act for the local administrative judge if the local administrative judge does not perform her duties. TEX. GOV'T CODE ANN. § 74.046 (presiding judge shall perform the duties of local administrative judge when the local administrative judge does not perform the duties required by subchapter D of the government code). He contends, however, these statutes are "aimed at the broad operation of the courts," but "do not provide a basis to compel a transfer of the case." Importantly, the Court did not compel the transfer of the case. Rather, the Court ordered the local administrative judge to determine whether the case should be transferred to provide for the efficient operation of the court system. This is not tantamount to an order requiring the case to be transferred.

More significantly, however, despite the fact that it has been the prior practice of this Court to refer, by means of court order, matters concerning the administration of the local district and county courts to the regional presiding judge and local administrative judge, Holland contends the Court lacks the power to refer such matters to the regional presiding judge and local administrative judge for determination. We disagree. The order was a proper exercise of the Court's inherent power "to aid in the exercise of its jurisdiction, in the administration of justice, and in the preservation of its independence and integrity," *Greiner v. Jameson*, 865 S.W.2d 493,

498 (Tex. App.—Dallas 1993, writ denied), and to protect the "orderly trial" of cases within its judicial district. *Nat'l Debenture Corp.*, 115 S.W.2d at 761.

The Court's inherent powers are "separate and distinct" from its jurisdictional power. *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 (Tex. 1979). They flow "from the very fact that the state constitution has created and charged the court with certain duties and responsibilities." *Greiner*, 865 S.W.2d at 498. Of course, the most widely recognized inherent power of any court is the power to enforce its judgments. "Every court having jurisdiction to render a judgment has the inherent power to enforce its judgments." *Arndt v. Farris*, 633 S.W.2d 497, 499 (Tex. 1982) (orig. proceeding); *Greiner,* 865 S.W.2d at 498. When the jurisdiction of a court is invoked, as it was here by the filing of the multiple petitions for writ of mandamus that have arisen in the course of this litigation, the court whose jurisdiction is invoked has the "power to issue all writs necessary to enforce and protect its jurisdiction and to preserve the subject-matter of the litigation in order to make its decrees effective." *Spiller v. Sherrill*, 518 S.W.2d 268, 271 (Tex. Civ. App.—San Antonio 1974, orig. proceeding).

The inherent powers of Texas appellate courts also include the power "to protect the orderly trial of causes in courts lying within their respective districts, even against interference by courts beyond the limits of such appellate jurisdiction." *Nat'l Debenture Corp.*, 115 S.W.2d at 761. "[A] court's inherent power to administer justice must necessarily include the ability to develop reasonable means to assure 1) that a cause is disposed of expeditiously and 2) that a judgment becomes final and enforceable in an expeditious manner." *Rodriguez v. State*, 970 S.W.2d 133, 135 (Tex. App.—Amarillo 1998, pet. ref'd). The Court may employ "suitable methods" to attain these ends. *Arndt*, 633 S.W.2d at 499. The order to the local administrative and regional presiding judges to make a determination whether the case should be transferred

directly relates to the court's jurisdiction over the multiple mandamus proceedings that have been filed in this case and rests on the court's inherent power to control the orderly trial of cases within its district. In view of the unique circumstances of this case, it is a "suitable method" for attaining these ends. Moreover, when acting in its administrative capacity, the Court may "direct action irrespective of whether there has been an abuse of discretion or a violation of a legal duty" by those who are directed to take action. *In re Nolo Press/Folk Law, Inc.*, 991 S.W.2d 768, 776 (Tex. 1999) (orig. proceeding).

Although we conclude the Court's orders were within its authority to render, as we previously advised the parties more than four and a half years ago, "our familiarity of the pending case convinces us that a prompt judicial resolution of the parties' dispute would best serve the administration of justice." To aid in the prompt administration of justice, on our own motion we **VACATE IN PART** our order signed October 27, 2014, as follows. **WE DO NOT VACATE** the portion of the order of October 27, 2014 granting the petition for writ of mandamus, denying relator's request for sanctions and attorney's fees and ordering that relator recover the costs of this original proceeding from real party in interest. We **VACATE** the remainder of the order of October 27, 2014. **WE DO NOT VACATE** the writ of mandamus or withdraw the opinion signed on October 27, 2014 and they remain in effect.

We trust that no further intervention by this Court will be necessary to enforce its orders or to require the case to proceed to judgment, but will not hesitate to take whatever other steps we conclude are appropriate, including requiring those who disobey the orders of this Court to show cause why they should not be held in contempt.

/s/     DAVID L. BRIDGES
         JUSTICE