### GUARANTY BUILDING & LOAN CO. et al. v. BRAZIL et al.

### No. 11097.

Court of Civil Appeals of Texas. Galveston.

June 20, 1940.

Stewart, Burgess & Morris and Byron Economidy, all of Galveston, for relators.

W. J. Garrett, of Jacksonville, for respondents.

MONTEITH, Chief Justice.

This is an original proceeding instituted directly in the Court of Civil Appeals by relators, Guaranty Building & Loan Company and Guaranty Federal Savings & Loan Association, against respondents, C. E. Brazil and Mrs. Bill Brunt, district judge and sheriff, respectively, of Cherokee County, Texas, and W. H. Gould and wife, for writs of prohibition and injunction to protect and enforce the alleged jurisdiction of the district court of Galveston County

in cause No. 51658, styled Guaranty Building & Loan Company v. W. H. Gould et ux.

The material facts are undisputed. They are substantially as follows:

On May 6, 1936, relator Guaranty Building & Loan Company instituted said cause No. 51658 in the district court of Galveston County against respondents, W. H. Gould and wife, on a promissory note secured by certain real estate situated in Cherokee County, Texas. On November 9, 1939, judgment was rendered in favor of plaintiff, foreclosing its lien and ordering the sale of said property and that purchaser be placed in possession thereof. Pursuant to said order, the property was sold and deed was delivered to relator, Guaranty Building & Loan Company. However, the sheriff of Cherokee County was prevented from placing the purchaser in possession of said property by a writ of injunction issued by the district judge of Cherokee County, restraining Guaranty Federal Savings & Loan Association, not a party to the Galveston suit, and the said sheriff from dispossessing respondent W. H. Gould from said property.

Said writ of injunction was issued pursuant to an application made therefor in a suit filed by respondent W. H. Gould in the district court of Cherokee County on March 12, 1940, in which he alleged that the judgment of the district court of Galveston County had been fraudulently procured and that he had no other remedy, except by injunction, to prevent the plaintiff therein from dispossessing him from said property.

A temporary writ of prohibition was granted by this court pending a hearing on relators' application for permanent relief. It is now determined that the permanent relief sought by relators should be granted.

Respondents concede that Courts of Civil Appeals have authority to issue writs of mandamus and prohibition within the appellate district of the courts for the purpose of enforcing their appellate jurisdiction; they contend, however, that a court of Civil Appeals has no original authority to issue a writ of prohibition or to mandamus a judge presiding over a court which lies outside of its appellate district.

Under the Constitution, Article V, Section 6, Vernon's Ann.St., and under Article 1823, Revised Civil Statutes, Courts of Civil Appeals and the judges thereof have the authority to issue all writs which may be necessary to enforce their jurisdiction. This express original jurisdiction conferred on Courts of Civil Appeals to issue writs of prohibition and to mandamus a judge presiding over a court within its appellate district of necessity carries with it the authority to prohibit the trial judge of a court which lies outside of the court's appellate district from interfering with the orders of a district court within its appellate district which has previously acquired jurisdiction of the parties and subject matter of a suit.

The identical questions presented in this appeal have been decided by this court in the cases of Driscoll v. Casstevens, Tex. Civ.App., 110 S.W.2d 958, and National Debenture Corporation v. Adams, Tex.Civ. App., 115 S.W.2d 757. In both of these cases it is held that a Court of Civil Appeals has original jurisdiction to issue writs of prohibition and to mandamus a judge presiding over a district court which lies outside of its appellate jurisdiction. In each of said cases suit had been filed in district courts within the appellate jurisdiction of the court. Their jurisdiction was questioned by suits filed in district courts outside of their appellate jurisdiction. In each case it was held that, while the appellate jurisdiction of Courts of Civil Appeals is confined by statute to cases within the limits of their respective districts, they are vested with original jurisdiction and power to protect and enforce the orderly trial of cases and to insure the carrying out of the orders of courts within their respective districts from interference by courts beyond the limits of their appellate districts and that the power to issue writs of prohibition to the presiding judges of courts outside of their appellate districts is conferred upon the Courts of Civil Appeals by the same statutory grant of jurisdiction that confers jurisdiction on said courts to issue writs of mandamus.

It follows that the temporary injunction granted by the district court of Cherokee County was improper for the reason that that court was without jurisdiction to act therein because the district court of Galveston County had previously acquired full jurisdiction over the subject matter of the suit filed in Cherokee County and that this jurisdiction will continue until the orders of the Galveston Court are fully complied with. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063.

■ Said temporary injunction was further improper for the reason that, although it involved the subject matter of a suit in which a judgment had been entered by the district court of Galveston County and sought to enjoin the execution of an order entered by that court, it was made returnable to the district court of Cherokee County in violation of Article 4656, Revised Civil Statutes.

It is therefore ordered that writs of prohibition issue in substance as prayed for by relators.

Writs of prohibition granted.