### TEXAS EMPLOYERS' INS. ASS'N v. KIRBY et al.

#### No. 13119.

Court of Civil Appeals of Texas. Dallas.

March 15, 1941.

Rehearing Denied April 12, 1941.

Lawther, Cramer, Perry & Johnson, of Dallas, for relator.

E. A. Landman, of Athens, for respondents.

LOONEY, Justice.

This is an original proceeding by Texas Employers' Insurance Association, as relator, for the issuance of writs of prohibition and mandamus, against Hon. H. F. Kirby, Judge of the 77th Judicial District of Texas; Hon. Sam Holland, Judge of the 3rd Judicial District of Texas, or any other person acting officially as District Judge within and for Henderson County, Texas; Jess Sweeten, Sheriff of Henderson County, Texas, and E. A. Landman and wife, Addie B. Landman, as respondents.

The events giving rise to the present controversy are these: On June 9, 1938, Employers' Insurance Association, relator herein, recovered judgment for $6,083.41, in the 44th Judicial District Court of Dallas County, against respondents E. A. Landman and wife, with foreclosure of a lien upon real estate situated in the City of Athens, Henderson County, Texas; on August 3, 1938, an order of sale was issued on the judgment, and placed in the hands of Jess Sweeten, Sheriff of Henderson County, by virtue of which, said officer levied on the real estate foreclosed upon, and advertised same for sale at the court-

house door, in the City of Athens, Henderson County, on first Tuesday in September, 1938; but the proceedings were interrupted, and sale prevented by an injunction sued out by the respondents Landman and wife.

It appears that, on August 3, 1938, E. A. Landman and wife filed suit in the District Court of Henderson County, against Texas Employers' Insurance Association, and the Sheriff of Henderson County, being cause No. 3162 on the docket of said court, styled E. A. Landman et al. v. Texas Employers' Insurance Association et al., seeking judgment for debt and damages aggregating $38,641, as against Texas Employers' Insurance Association; the claim for damages being based upon allegations to the effect that the Insurance Association was guilty of fraud in procuring the judgment for debt and foreclosure before mentioned; in having the Sheriff of Henderson County levy upon and advertise for sale the real estate foreclosed upon; also exemplary damages; praying for the issuance of an injunction restraining the Insurance Association and Jess Sweeten, Sheriff of Henderson County, from selling, or offering for sale, the property levied upon by virtue of the order of sale.

Hon. Sam Holland, Judge of the District Court of Henderson County, being disqualified, the petition for injunctive relief was presented to Hon. H. F. Kirby, Judge of the 77th District, who, on September 3, 1938, directed the Clerk of the District Court of Henderson County to "issue a writ of injunction in all things as prayed for, upon petitioner executing bond with two or more good sureties in the sum of $100.00 conditioned as required by law." In obedience to the fiat of Judge Kirby, the clerk of the district court issued the injunction as prayed, which was duly served upon the Insurance Association and the Sheriff of Henderson County, thus interrupting and staying the proceedings in progress under the order of sale.

E. A. Landman and wife did not appeal from the judgment for debt and foreclosure rendered against them in the 44th Judicial District Court of Dallas County; nor did the Insurance Association appeal from the order granting the temporary injunction; in other words, the active jurisdiction of this Court has never been invoked in either of these cases. In this status, relator instituted the instant proceedings, seeking the issuance of writs forbidding the District Judges named, or any person acting officially as District Judge of Henderson County, to assume or exercise any further jurisdiction in cause No. 3162, pending on the docket of the District Court of Henderson County, or to enter any order or judgment therein; commanding said judge or judges to dissolve and dismiss the writ of injunction theretofore issued; that E. A. Landman and wife, subject to future orders of court, be enjoined from seeking any order in, or relief from, the District Court of Henderson County in said cause; that the Sheriff of Henderson County, or his successors in office, be commanded to obey all lawful process issued out of the District Court of Dallas County, against Landman and wife, on the before-mentioned judgment for debt and foreclosure.

Relator's prayer for the relief sought is predicated on the contention that, the suit filed by Landman and wife, in the District Court of Henderson County, and the injunction interfere with the jurisdiction of the 44th Judicial District Court of Dallas County, and, "That it is important that this Honorable Court of Civil Appeals issue its writ enjoining the various parties herein mentioned as respondents from interfering with the jurisdiction of the District Court of Dallas County, Texas, as each and every one of them is now threatening and are now doing."

As our jurisdiction was never invoked in regard to either of the matters mentioned, the question presented is, Are we authorized, on an original application, to issue the writs sought for the purpose of enforcing the jurisdiction of the District Court, or safeguarding the integrity of its judgment? We do not think so. The appellate jurisdiction of this Court is defined in Sec. 6 of Art. 5 of the Constitution, as follows: "* * * Said Court of Civil Appeals shall have appellate jurisdiction co-extensive with the limits of their respective districts, which shall extend to all civil cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law. * * * Said courts shall have such other jurisdiction, original and appellate as may be prescribed by law. * * *" The appellate jurisdiction of said court is also defined in Art. 1819, R. C.S., Vernon's Ann.Civ.St. Art. 1819, and

its original jurisdiction is defined in Arts. 1823 and 1824, Vernon's Ann.Civ.St. Arts. 1823 and 1824. The latter Article provides that said court, or any judge in vacation, may issue writs to compel a trial judge to proceed to trial and judgment in any cause; however, this Article is not under review in the instant case. Art. 1823 provides that: "Said courts and the judges thereof may issue writs of mandamus and all other writs necessary to enforce the jurisdiction of said courts."

■ The above comprises all potential jurisdiction, either appellate or original, conferred upon the Court of Civil Appeals by the Constitution and statutes, but, to become active, it must be invoked. Although invested with potential jurisdiction, we do not think a Court of Civil Appeals would be authorized to assume active jurisdiction over any subject matter until invoked in the prescribed manner, for the simple reason that, it has not been given general supervisory control over district and county courts.

We fail to find, in any of the adjudicated cases, authority for the doctrine contended for by relator, except, probably, as found in Driscoll v. Casstevens, 110 S.W.2d 958; National Debenture Corporation v. Adams, 115 S.W.2d 757, and Guaranty Building & Loan Co. v. Brazil, 141 S.W.2d 694, decided by the Galveston Court of Civil Appeals, from which we respectfully dissent. The two cases last mentioned simply reiterate the rule announced in Driscoll v. Casstevens, the first case mentioned, but, after a careful examination of all authorities cited in that case, we fail to find that either is authority for the doctrine that, in an original proceeding, a Court of Civil Appeals would be authorized to issue a writ of prohibition, or any extraordinary writ, except when necessary to enforce its jurisdiction, or safeguard its judgments. Several out of the state authorities are cited that, obviously, have no particular bearing upon the jurisdictional question involved, which, of necessity, is dependent alone upon our own constitutional and statutory provisions. The Texas authorities cited in Driscoll v. Casstevens, will be mentioned. The decision in Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063, 1068, one of the cases cited, was made in the exercise of the court's original jurisdiction to require a district judge to proceed to trial, as authorized by Art. 1734, R.C.S. This is revealed by the language of Chief Justice Cureton, who said: "Having the power to issue the writ of mandamus directing Judge Ward to proceed to judgment, we necessarily have the correlative authority to make all other orders, including those for prohibition and injunction, to protect and make efficacious the exercise of that power by us." The writs of prohibition involved in Cattlemen's Trust Co. v. Willis, Tex.Civ.App., 179 S. W. 1115, and in City of Houston v. City of Palestine, 114 Tex. 306, 267 S.W. 663, also cited in Driscoll v. Casstevens, were issued by the Courts of Civil Appeals, in the exercise of original jurisdiction, as authorized by statute (Art. 1823) to safeguard and protect the integrity of their judgments. 33 Tex.Jur. is also cited as an authority. At page 923, we find this language: "The writ of prohibition is an extraordinary writ, issued by a superior court to an inferior judicial tribunal to prevent the latter from assuming jurisdiction in a matter over which by law it has no control, or from exceeding its jurisdiction in a matter of which it has taken cognizance." Apparently, the language quoted tends to sustain relator's contention, but when considered in connection with the only authority cited, that is, City of Houston v. City of Palestine, supra, its meaning is clear, because, as heretofore shown, the writ of prohibition involved in the cited case was authorized by the statute empowering Courts of Civil Appeals to issue writs necessary to enforce their jurisdiction, or safeguard the integrity of their judgments. Also, at page 929, 33 T. J., we find this language: "Although there is authority to the effect that a Court of Civil Appeals may not exercise this power (to issue extraordinary writs on original application) except in aid of its appellate jurisdiction, the later decisions definitely hold that the court may also issue original writs of prohibition in proper cases." This text also apparently sustains the contention of relator, but, obviously, is not in harmony with the authorities cited. Two of these cases, City of Houston v. City of Palestine, and Cattlemen's Trust Co. v. Willis, supra, have heretofore been commented upon; and in Browning-Ferris Machinery Co. v. Thomson, Tex.Civ.App., 55 S.W.2d 168, the other case cited, the writ of prohibition involved, as in the other case, was authorized by statute for the protection of the court's previously invoked jurisdiction.

So we conclude as we began, by stating that no case, other than those from the Galveston Court, heretofore mentioned, including the authorities cited by the latter Court, has been found supporting the doctrine that a Court of Civil Appeals has authority to issue the writ of prohibition, or any writ other than as authorized by the statutes conferring original jurisdiction. To hold otherwise would be to say that, by virtue of its potential jurisdiction, the Court of Civil Appeals may exercise a general supervisory control over district and county courts. We find no warrant for such a doctrine. If it be true that, by virtue of its potential appellate jurisdiction, said court may issue writs of prohibition, or other such writs, why, it may be pertinently asked, the necessity of conferring original jurisdiction at all?

If an appeal had been prosecuted from the order granting the temporary injunction, we could have passed upon and adjudicated the alleged errors involved; but until these questions are presented in the manner prescribed by statute for an appeal, we have no authority to adjudicate them, or to grant the writs sought. Under the provisions of Chap. 1 of Title 40 R.C. S., arts. 1884–1893, we think relator may obtain a trial of the case, pending in the District Court of Henderson County, before a judge who is not disqualified. Therefore, the application is refused.