**William Munsey COGDELL and David Martin Cogdell, Jr., Individually, and as Independent Executors of the Estate of D. M. Cogdell, Deceased, Relators,**

v.

**Judge Sterling WILLIAMS, and The Fort Worth National Bank, Trustee, Respondents.**

**No. 4401.**

Court of Civil Appeals of Texas, Eastland.

May 22, 1970.

Sanders, Miller & Baker, James C. Sanders, Amarillo, Gene L. Dulaney, Snyder, for relators.

Stone, Tilley, Parker, Snakard, Law & Brown, Robert Randolph, Ft. Worth, Lynch, Chappell, Allday & Culp, Raymond Lynch, Midland, Jones & Stiff, Lawson Stiff, Albuquerque, N.M., for respondents.

GRISSOM, Chief Justice.

William Munsey Cogdell and Davis Martin Cogdell, Jr., have presented and have been permitted to file in this court an original petition for a writ of prohibition. They seek to prohibit enforcement by the District Court of Scurry County of its discovery order and an order adjudging the named executors and their attorney, Hon. Gene L. Dulaney, guilty of contempt and committing them to jail until they produce certain documents and information deemed by the Trustee Bank and the court to be prerequisite to closing said estate by said named executors, and payment of a certain percent of the residue of the estate devised to said Bank, as trustee for the benefit of Marion P. Cogdell and Charlotte Cogdell Etgen. The third independent executor of said estate, Jonisue Cogdell Bowden Stiff, has filed an answer to said petition in which she seeks to have said named independent executors, who are her brothers, make available for her inspection all files, books and records pertaining to administration of said estate.

Essentially the same petition for Writ of Prohibition was heretofore presented to and refused by the Supreme Court of Texas. The Supreme Court did have jurisdiction. Neville v. Brewster (Sup.Ct.), 163 Tex. 155, 352 S.W.2d 449. We have concluded that we have no jurisdiction to is-

sue the Writ. Articles 1823 and 1824 provide as follows:

Art. 1823:

"Said courts and the judges thereof may issue writs of mandamus and all other writs necessary to enforce the jurisdiction of said courts. Id."

Art. 1824:

"Said Courts or any Judge thereof, in vacation, may issue the writ of Mandamus to compel a Judge of the District or County Court to proceed to trial and judgment in a cause, returnable as the nature of the case may require. Acts 1st C.S., 1892, p. 25; Acts 1923, p. 110; Acts 1929, 41st Leg., p. 68, ch. 33, § 1."

In Comet Aluminum Company, Inc. v. Dibrell, 452 S.W.2d 32, 33, an original petition for writ of mandamus was presented to the Court of Civil Appeals seeking to compel the District Court to vacate an alleged void judgment and to enjoin it from making any order which varied from an original written judgment. The Court of Civil Appeals refused to issue the writ because it was not necessary for the protection of the appellate jurisdiction of the Court of Civil Appeals, or its judgment, or to require the District Court to proceed to trial and judgment. It was held that a Court of Civil Appeals has no power to mandamus a District Court, except when authorized by Articles 1823 or 1824, that is, it had the power to mandamus a District Court only when it was necessary (1) to protect the Court of Civil Appeals appellate jurisdiction or (2) order a trial judge to proceed to trial and judgment. Said decision was subsequent to the decision of the Supreme Court in the same controversy, which may be found in 450 S.W.2d page 56. In Crofts, District Judge v. Court of Civil Appeals, 362 S.W.2d 101, 104, our Supreme Court said:

"The Court of Civil Appeals has no power to mandamus the district court except as provided for by Articles 1823 and 1824, Vernon's Ann.Texas St.; Art.

V, § 6, Texas Constitution, Vernon's Ann.St. Under these statutes the Court of Civil Appeals may mandamus only in protection of its appellate jurisdiction and to order a trial judge to proceed to trial and judgment. * * *"

See also 15 Tex.Jur.2d 438, 439. In Winfrey v. Chandler, 159 Tex. 220, 318 S.W.2d 59, 61, our Supreme Court said:

"A court which is authorized to issue extraordinary writs to enforce its jurisdiction may not exercise that power in aid of its potential jurisdiction. It is only after that jurisdiction has been invoked in the manner prescribed by law and has thus become active that the court may act to enforce or protect the same. See Art. 1823, Vernon's Ann.Tex.Civ.Stat.; Texas Employers' Ins. Ass'n. v. Kirby, 137 Tex. 106, 152 S.W.2d 1073; Texas Employers' Ins. Ass'n. v. Kirby, Tex. Civ.App., 150 S.W.2d 123. * * *"

See also Pope v. Ferguson (Sup.Ct.), 445 S.W.2d 950, 952; Texas Employers' Ins. Ass'n. v. Kirby (Sup.Ct.), 137 Tex. 106, 152 S.W.2d 1073; Morrow v. Corbin (Sup.Ct.), 122 Tex. 553, 62 S.W.2d 641.

The petition for Writ of Prohibition is dismissed