Julian GUILLORY, Jr., Petitioner,

v.

Ruby DAVIS, and in the interest of Children, Respondent.

No. 7729.

Court of Civil Appeals of Texas, Beaumont.

April 24, 1975.

Ernest J. Browne, Sr., Beaumont, for appellant.

George W. Morris, Conroe, for appellee.

PER CURIAM.

Petitioner has filed an application for leave to file a petition for a writ of prohibition as an original proceeding in this court. He alleges that the Court of Domestic Relations of Jefferson County, Texas, first acquired jurisdiction of a proceeding involving custody of the children involved in this cause, and has continuing jurisdiction over such children under the provisions of *Tex. Family Code Ann. § 11.05(a) (1975)*. His suit, filed on March 25, 1975, contained an allegation reading: "No other Court has continuing jurisdiction of this cause and this Court has continuing jurisdiction of this cause." *Tex.Family Code Ann. § 11.08(b)(1) (1975)*. According to the file marks shown upon the pleading, Cause No. 90103C was filed in Jefferson County at 9:09 a. m., March 25, 1975.

The petition for the writ also contains a certified copy of a similar petition, filed on behalf of the mother of the children in the District Court of Montgomery County, on March 25, 1975, at 4 p. m., wherein the mother seeks custody of the same children. She makes the allegations that the Montgomery County court has continuing jurisdiction under *§ 11.08(b)(1)*.

Upon presentation of the verified plea, the Jefferson County court issued an order directing the sheriff or any constable to pick up the children and restore their custody to petitioner in Jefferson County. The Montgomery County court, also acting upon the verified petition, ordered said children turned over to the mother and ordered a hearing to determine the custody of said children in that proceeding.

Upon presentation of the application for leave to file the petition, we ordered a notice to show cause to issue, returnable on April 10, at which time we invited argument as to our jurisdiction to entertain petitioner's motion for leave to file.

Having examined the record and the authorities, we are of the opinion that this court does not have jurisdiction to entertain the application or to grant the writ, and the application for leave to file is now denied for the reasons to be stated.

Our appellate jurisdiction has not been invoked in any manner by any party to this proceeding; instead, petitioner seeks to prohibit the presiding judge of the District Court of Montgomery County from further proceeding with the cause now pending in that court by invoking our original jurisdiction.

In *Milam County Oil Mill Co. v. Bass*, 106 Tex. 260, 163 S.W. 577, 578 (1914), Justice Phillips, speaking for the Supreme Court, laid down a rule applicable to this court, saying:

"This court is not invested with any power of general superintendence of the inferior courts of the state; its control of their proceedings is purely appellate in its nature, with certain well-defined exceptions which are unrelated to the present case; and its authority to issue the writ of prohibition is by the Constitution and the statute limited to the enforcement of its own jurisdiction."

In *Texas Employers' Ins. Ass'n v. Kirby*, 150 S.W.2d 123, 124 (Tex.Civ.App.—Dallas), approved, 137 Tex. 106, 152 S.W.2d 1073 (1941), the court set out the entire constitutional and statutory base of the jurisdiction of the Courts of Civil Appeals to issue extraordinary writs in the exercise of its original jurisdiction. The court gave careful consideration to *Tex.Const. art. V, § 6; Tex.Rev.Civ.Stat.Ann. arts. 1819, 1823, and 1824 (1964)*, before concluding that it had no jurisdiction to issue the writ of prohibition in the exercise of its original jurisdiction.

Although we have potential jurisdiction to review the assumption of jurisdiction by the District Court of Montgomery County upon appeal from a final judgment, we are not "authorized to assume active jurisdiction over any subject matter until invoked in the prescribed manner, for the simple reason that, it [Court of Civil Appeals] has not been given general supervisory control over district and county courts." *Kirby*, supra (150 S.W.2d at 125).

In *Winfrey v. Chandler*, 159 Tex. 220, 318 S.W.2d 59, 61 (1958), Justice Walker, citing both *Kirby Cases*, supra, laid down the rule governing the disposition of this case:

"A court which is authorized to issue extraordinary writs to enforce its jurisdiction may not exercise that power in aid of its potential jurisdiction. It is only after that jurisdiction has been invoked in the manner prescribed by law and has thus become active that the court may act to enforce or protect the same."

See also, *Pope v. Ferguson*, 445 S.W.2d 950, 954 (Tex.1969).

Petitioner cites four cases, all decided by the Galveston Court of Civil Appeals before *Kirby* was handed down: *Driscoll v. Casstevens*, 110 S.W.2d 958 (Tex.Civ.App.—Galveston 1937, orig. proceedings); *Guaranty Building & Loan Co. v. Brazil*, 141 S.W.2d 694 (Tex.Civ.App.—Galveston 1940, orig. proceedings); *National Debenture Corporation v. Adams*, 115 S.W.2d 757 (Tex. Civ.App.—Galveston 1938, orig. proceedings); *O. K. Theatres, Inc. v. Johnson*, 145 S.W.2d 628 (Tex.Civ.App.—Galveston 1940, orig. proceedings), in support of jurisdiction to grant the relief sought.

The first three of the cases mentioned above were discussed at length in *Kirby*, supra, and Justice Looney, the author of the opinion of the Dallas Court in *Kirby*, registered his "dissent." (150 S.W.2d at 125) The fourth case cited, *O. K. Theatres*, simply follows the earlier decisions and falls with *Casstevens*, et al. Thus, all of petitioner's authorities were effectively over-

ruled because the Supreme Court in *Kirby* said: "The Court of Civil Appeals very correctly held that it had no jurisdiction to grant the relief sought in that Court." (152 S.W.2d at 1073)

Although we are not clothed with jurisdiction to issue the appropriate writs necessary to end this unseemly conflict between two courts of coordinate jurisdiction, we would be remiss in the discharge of our duties if we did not voice our disapproval of such a conflict.

Our record discloses that the Court of Domestic Relations in Jefferson County "has been informed by the State Department of Public Welfare that the child[ren] [have] not been the subject of a suit affecting the parent-child relationship." *Tex. Family Code Ann. § 11.05(c) (1975).* Thus, it has continuing jurisdiction. Obviously, since two courts cannot have continuing jurisdiction over the same children at the same time, the District Court of Montgomery County will be unable to rest its jurisdiction upon the provisions of *§ 11.05.*

It has been axiomatic, at least since *Cleveland v. Ward,* 116 Tex. 1, 285 S.W. 1063, 1070 (1926), that jurisdiction attached upon the filing of the suit in Jefferson County and that it cannot be taken away or arrested by the subsequent proceedings in another court.

Yet, under our present constitution, statutes, and authoritative decisions, we are powerless to act. However, once our appellate jurisdiction is invoked, we will have full and almost plenary authority to issue such writs as may be necessary to protect and enforce our appellate jurisdiction. *Kirby Case,* supra (150 S.W.2d at 126). See also, J. Norvell, "Original Jurisdiction of the Courts of Civil Appeals to Issue Extraordinary Writs," *8 Sw.L.J. 389, 392–393 (1954),* and cases cited.

Leave to file the application for the writ of prohibition is denied for want of jurisdiction.