**Mary Alice CHAPA, Relator,**

v.

**Honorable Charles O. BETTS, Respondent.**

**No. 12442.**

Court of Civil Appeals of Texas, Austin.

March 10, 1976.

Regina Lynn Rogoff, Travis County Legal Aid and Defender Society, Austin, for appellant.

PER CURIAM:

Relator being denied the right to intervene in a proceeding in district court to terminate a parent-child relationship, petitioned this Court on February 23, 1976, for leave to file her application for writ of mandamus to require the trial court to set aside an illegal order denying Relator right of intervention and a hearing. Petition was granted and hearing on application for mandamus set for 9 o'clock a. m. on February 25, 1976.

Upon hearing before this Court, it appears that intervention sought below was grounded on Relator's interest in the child, by reason of having actual and continuous custody of the child since its birth to date, a period of about seven and one-half years, and pursuant to authority of Article 11.03, Texas Family Code, and Rule 60, Texas Rules of Civil Procedure.

This Court concludes that petition to file application for mandamus was improvidently granted, since under the limited powers of mandamus accorded intermediate appellate courts in Texas this Court is without jurisdiction to order the trial court to set aside an illegal order. Arts. 1823, 1824, V.A.C.S.; *Crane v. Tunks,* 160 Tex. 182, 328 S.W.2d 434, 438 (1959). Only the Supreme Court has power in mandamus proceedings to require district courts to set aside an illegal order. *State Board of Insurance v. Betts,* 158 Tex. 612, 315 S.W.2d 279 (1958); *Buttery v. Betts,* 422 S.W.2d 149 (Tex.Sup. 1967).

The petition for mandamus is dismissed.

Petition dismissed for want of jurisdiction.