Sydell **BERMAN**, Individually, et al., Relators,

v.

The Honorable Weldon **KIRK** et al., Respondents.

No. 5001.

Court of Civil Appeals of Texas, Eastland.

Nov. 9, 1976.

Johnny M. Moore, Mays, Moore, Dickson & Roberts, Inc., Sweetwater, Harold B. Berman, Berman, Fichtner & Mitchell, Dallas, for relators.

Stanley P. Wilson, McMahon, Smart, Wilson, Surovik & Suttle, Abilene, for respondents.

McCLOUD, Chief Justice.

Relators, Sydell Berman, Individually, and Sydell Berman and First National Bank in Dallas, as Independent Executors for the Estate of Max Berman, Deceased, and Perry Brothers, Inc., seek in this original proceeding writs of mandamus and prohibition to compel the Honorable Weldon Kirk, Judge of the 32nd Judicial District Court of Nolan County, Respondent, to set aside an order entered by Judge Kirk overruling Relators' motion to abate an action pending in Judge Kirk's court.

Relators contend that Irving A. Loeb, who was an indispensable party to the pending action, died during trial on October 28, 1976. On November 3, 1976, Relators moved for abatement of the pending cause until the heirs or legal representative of Irving A. Loeb were properly joined. Loeb was both a defendant and cross-plaintiff. The court overruled Realtors' motion to abate and ordered separate trials under Rule 174, T.R.C.P.

Relators urge that upon the death of Irving A. Loeb, his estate became an indispensable party as defined in Rule 39, T.R.C.P., and that to continue the trial in the absence of such indispensable party constitutes fundamental error. Respondent contends that this court is without jurisdiction to issue the writs requested. We agree.

Our jurisdiction to issue writs of mandamus is limited by Articles 1823 and 1824, Tex.Rev.Civ.Stat.Ann.[1] Under these statutes, Courts of Civil Appeals may only grant writs of mandamus to protect or enforce the jurisdiction of the Court, or to compel a judge of a District or County Court to proceed to trial and judgment in a cause. *Crane v. Tunks,* 160 Tex. 182, 328 S.W.2d 434 (1959); *Cogdell v. Williams,* 461 S.W.2d 187 (Tex.Civ.App.—Eastland 1970); *Chapa v. Betts,* 534 S.W.2d 446 (Tex.Civ.App.—Austin 1976); *Longbine v. Johnson,* 347 S.W.2d 772 (Tex.Civ.App.—Amarillo 1961); *Julian v. Hoffman,* 520 S.W.2d 935 (Tex.Civ.App.—Dallas 1975); *Guillory v. Davis,* 527 S.W.2d 465 (Tex.Civ.App.—Beaumont 1975); *Parr v. Carrillo,* 526 S.W.2d 250 (Tex.Civ.App.—San Antonio 1975).

1. Article 1823: "Said courts and the judges thereof may issue writs of mandamus and all other writs necessary to enforce the jurisdiction of said courts. Id."

Article 1824: "Said Courts or any Judge thereof, in vacation, may issue the writ of Mandamus to compel a Judge of the District or County Court to proceed to trial and judgment in a cause, returnable as the nature of the case may require. Acts 1st C.S., 1892, p. 25; Acts 1923, p. 110; Acts 1929, 41st Leg., p. 68, ch. 33, § 1."

Relators rely upon *South End Development Co. v. Holland,* 248 S.W.2d 1013 (Tex. Civ.App.—Galveston 1952) which held that the Court of Civil Appeals had jurisdiction to grant writs of mandamus and prohibition to prevent trial of a "cause until, and unless, all necessary parties thereto" were made parties to the suit. The holding is inconsistent with the rule announced in *Crane v. Tunks, supra.* Also, *Rushing v. Bush,* 260 S.W.2d 900 (Tex.Civ.App.—Dallas 1953, writ dism'd.) relied upon by Realtors is not controlling. There the trial court erroneously refused to proceed to trial against a defendant properly served.

Relators are not seeking to enforce or protect the jurisdiction of this Court, or to compel the trial court to proceed to trial and judgment. The petition seeking writs of mandamus and prohibition is dismissed for want of jurisdiction.