**J. Fagan DICKSON, Relator,**

v.

**Honorable Herman JONES, Respondent.**

**No. 15359.**

Court of Civil Appeals of Texas, Austin.

Nov. 24, 1976.

J. Fagan Dickson, pro se.

Jack D. Maroney, Scott R. Kidd, Brown, Maroney, Rose, Baker & Barber, Austin, for expected adverse parties.

SHANNON, Justice.

Fagan Dickson, relator, has filed a motion for leave to file a petition for writ of mandamus. Respondent is Herman Jones, judge of one of the district courts of Travis County. We will deny Dickson's motion for leave to file.

According to Dickson's petition for mandamus, he filed a petition in the district court of Travis County on July 9, 1976, to take his deposition to perpetuate his testi-

mony, all pursuant to Tex.R.Civ.P. 187. He declared that he anticipated filing a lawsuit against certain local attorneys: Sander Shapiro, Frank Ikard, Jr., Roy Minton, and the law firm of Clark, Thomas, Winters and Shapiro. As reason for the necessity for the perpetuation of his testimony, Dickson averred that his health was deteriorating and that, as a result, he might be incapacitated from testifying at trial time.

A hearing on the matter was set for July 29, but was reset for September 2, and then again was reset for October 7, 1976. Counsel for the expected adverse parties moved the court to require that the deposition be taken before the court, that the deposition be taken in question and answer form, and that objections be ruled on by the court in absence of an agreement of counsel to the contrary. Judge Jones entered an order pursuant to counsel's motion and set the time for the deposition to be taken before the court for November 8. Thereafter, Judge Jones, on his own motion, reset the deposition hearing for December 20, 1976.

Dickson asks this Court to issue a writ of mandamus commanding Judge Jones to enter an order stating the time and place for the taking of the deposition, or to permit the taking of the deposition by means of notice as provided generally, and further to command Judge Jones "not to make any order" which would require his deposition to be taken before the court.

 The jurisdiction of the Court of Civil Appeals to issue a writ of mandamus is limited to the enforcement or protection of its jurisdiction, or to compel a district or county judge to proceed to trial and judgment. *Crane v. Tunks,* 160 Tex. 182, 328 S.W.2d 434 (1959), *Uvalde Rock Asphalt Company v. Loughridge,* 423 S.W.2d 602 (Tex.Civ.App.1968, no writ), *Chapa v. Betts,* 534 S.W.2d 446 (Tex.Civ.App.1976, no writ), *Berman v. Kirk,* 543 S.W.2d 27, 2 Tex.Ct. Rpt. 151 (Tex.Civ.App.1976), Tex.Rev.Civ. Stat.Ann. arts. 1823 and 1824 (1964).

Dickson's petition to take deposition to perpetuate testimony is for the purpose of developing and preserving evidence to be used in the trial of a case yet to be filed. Such an undertaking is not a *trial,* but instead is a pre-trial or discovery proceeding.

Dickson is not seeking to enforce or protect the jurisdiction of this Court, nor is he seeking to compel the district court to proceed to trial and judgment. As a result, this Court has no jurisdiction to issue a writ of mandamus. The motion for leave to file a petition of writ of mandamus is denied.

O'QUINN, J., not participating.