Benjamin **LORET** et al., Relators,

v.

Judge Earl W. **SMITH** et al.,
Respondents.

No. 6675.

Court of Civil Appeals of Texas,
El Paso.

Aug. 24, 1977.

Gloria T. Svanas, Odessa, McCandlish, Lillard, Bauknight, Church & Best, Randolph W. Church, Jr., Fairfax, Va., for relators.

Michael D. Atkins, County Atty., Ater & Hirsch, H. Thomas Hirsch, Shafer, Gilliland, Davis, Bunton & McCollum, Fred M. "Mickey" Jones, Odessa, for respondents.

## OPINION

OSBORN, Justice.

This is an original proceeding in which the Relators seek a writ of prohibition against the Presiding Judge and other parties named as Respondents. On March 4, 1977, a partial judgment was entered in Cause No. A–39,372 in the District Court of Ector County, Texas, awarding Benjamin Loret, et al., judgment against Jacqueline Ford in the amount of $80,400.97, plus interest, such judgment being based upon a Maryland judgment. After entry of the judgment, execution was issued by the District Clerk. Apparently, an attempt was made to levy upon the First National Bank of Odessa, Texas, a Respondent herein, as trustee of the Jacqueline Ford Trust No. 1. The Bank then filed in the same cause in which the partial judgment had been entered an "Impleader's Original Petition" with regard to the funds held by it as trustee and asserting that the beneficiary of the trust had asserted a conflicting claim to those assets. The Relators herein filed a reply to the Petition in Intervention asserting that the pleading was an effort to circumvent a valid and subsisting execution and urging that said petition be denied. By order dated June 24, 1977, the Honorable Earl W. Smith, Judge Presiding, granted the filing of the Interpleader and Relator now seeks from this Court a writ of prohibition commanding the Presiding Judge to cease and desist from interfering with the execution which was issued following the judgment in March, 1977.

Article 1823, Tex.Rev.Civ.Stat.Ann., provides with regard to Courts of Civil Appeals:

"Said courts and the judges thereof may issue writs of mandamus and all other writs necessary to enforce the jurisdiction of said courts."

In *Texas Employers' Ins. Ass'n v. Kirby*, 150 S.W.2d 123 (Tex.Civ.App.—Dallas 1941), the Court pointed out that a " 'writ of prohibition is an extraordinary writ, issued by a superior court to an inferior judicial tribunal to prevent the latter from assuming jurisdiction in a matter over which by law it has no control, or from exercising its jurisdiction in a matter of which it has taken cognizance.' " The Court in that opinion noted that the Courts of Civil Appeals may not exercise a general supervisory control over District and County Courts, and concluded that on an original application, a Court of Civil Appeals may not issue a writ of prohibition "for the purpose of enforcing the jurisdiction of the District Court, or safeguarding the integrity of its judgment" where the jurisdiction of the Court of Civil Appeals has not been invoked in the matter pending before the District Court. The relief sought in that case was also denied by the Supreme Court of Texas. *Texas Employers' Ins. Ass'n v. Kirby*, 137 Tex. 106, 152 S.W.2d 1073 (1941).

The decisions in the *Kirby* case were followed by the Court in *Winfrey v. Chandler*, 159 Tex. 220, 318 S.W.2d 59 (1958), where Justice Walker, writing for the Court, said:

"A court which is authorized to issue extraordinary writs to enforce its jurisdiction may not exercise that power in aid of its potential jurisdiction. It is only after that jurisdiction has been invoked in the manner prescribed by law and has thus become active that the court may act to enforce or protect the same. See, Art. 1823, Vernon's Ann.Tex.Civ.Stat.; *Texas Employers Ins. Ass'n v. Kirby*, 137 Tex. 106, 152 S.W.2d 1073; *Texas Employers Ins. Ass'n v. Kirby*, Tex.Civ.App., 150 S.W.2d 123. * * *"

In 1975, the Beaumont Court of Civil Appeals in *Guillory v. Davis*, 527 S.W.2d 465, denied a petition for writ of prohibition in an original proceeding and said:

"Having examined the record and the authorities, we are of the opinion that this court does not have jurisdiction to entertain the application or to grant the writ, and the application for leave to file is now denied for the reasons to be stated.

"Our appellate jurisdiction has not been invoked in any manner by any party to this proceeding; instead, petitioner seeks to prohibit the presiding judge of the District Court of Montgomery County from further proceeding with the cause now pending in that court by invoking our original jurisdiction."

Since our appellate jurisdiction has not been invoked in any manner with regard to either the partial judgment entered by the trial Court in March, 1977, or the order entered in June, 1977, granting the filing of the Interpleader, we originally erred in granting the motion for leave to file the Petition for Writ of Prohibition, and that Petition is now denied for want of jurisdiction.