Michael Lynn TAFT, Petitioner,

v.

B. B. SCHRAUB and E. W. Patterson,
District Judges and Rebecca Taft
Johnson, Respondents.

No. 15953.

Court of Civil Appeals of Texas,
San Antonio.

Oct. 19, 1977.

Daniel R. Rutherford, John C. Laye, Jr., John L. Ray, San Antonio, for appellant.

Kirk Patterson, James D. Stewart, San Antonio, for appellee.

KLINGEMAN, Justice.

This is an original proceeding in this Court for writ of prohibition or, alternatively, to stay the order of the trial court under Rule 364(f), Tex.R.Civ.P.

This proceeding is one of a series of proceedings in various courts involving Michael Lynn Taft, the petitioner herein, and his wife, Rebecca [Taft] Johnson. A divorce was granted between such parties in Guadalupe County, Texas, and on July 6, 1976 an order was entered by the trial court appointing Michael Lynn Taft as managing conservator and Rebecca Taft [Johnson] as

possessory conservator of Michael Denver Taft, the only child of such marriage. A chronological summary of the pertinent proceedings thereafter is as follows:

1. On August 31, 1976 the District Court of Guadalupe County, Texas entered an order removing Michael Lynn Taft as managing conservator and appointing Rebecca [Taft] Johnson as such managing conservator, which order was entered by the trial judge after a hung jury. The order also provides for child support payments to be made by Michael Lynn Taft. An appeal was timely perfected from this order to this Court and was ultimately transferred to the Court of Civil Appeals for the 8th Supreme Judicial District (El Paso) under the provisions of Art. 1738, Tex.Rev.Civ.Stat.Ann. (1962).

2. On June 8, 1977 the 8th Court of Civil Appeals rendered its judgment and opinion on the appeal from the August 31, 1976 order. Such order was reversed and the cause remanded, which judgment provides that the parties "are returned to the status and position which they held under the Court's order entered on July 6, 1976 . . . ."

3. Application for writ of error was made to the Texas Supreme Court and is currently pending.

4. On August 29, 1977 the District Court of Guadalupe County rendered a contempt order holding Michael Lynn Taft in contempt for disobedience of the August 31 order. Michael Lynn Taft's attorney, Daniel R. Rutherford, Esq., was also held in contempt.

5. Application for writ of Habeas Corpus was filed in this Court on September 1, 1977 by Michael Lynn Taft and his attorney, Daniel R. Rutherford, Esq. This Court, after a hearing, on September 27,

1977, in Cause No. 15929, styled Ex parte Daniel R. Rutherford and Michael Lynn Taft, Relators, held that we did not have jurisdiction of Mr. Rutherford's application for writ of Habeas Corpus, but granted Michael Lynn Taft's application for writ of Habeas Corpus, and Taft was ordered released from custody.

6. On September 26, 1977 the District Court of Guadalupe County, Texas granted Rebecca [Taft] Johnson's application for writ of attachment of the minor child, Michael Denver Taft, which writ of attachment was executed on September 27, 1977. This is the proceeding here under attack in the instant matter before us.

7. On October 3, 1977 the herein application for writ of prohibition and, alternatively, to stay the order of the trial court, was filed in this Court.

Petitioner asserts that he has no adequate remedy of law and that the writ of attachment and attitude of the trial court shows the intent to thwart the rulings of this Court of Civil Appeals and the 8th Court of Civil Appeals.

Respondents contend that this Court is without jurisdiction in the herein proceedings. We agree.

■ Our original jurisdiction to issue extraordinary writs is narrow and limited,[1] and is defined and delineated in articles 1823, 1824, and 1824a, Tex.Rev.Civ.Stat. Ann. (1964).[2]

■ Ordinarily, before a court of civil appeals will issue an original writ, it is necessary that either an order of the court of civil appeals be interfered with or an interference threatened.

■ Relator maintains that this Court has jurisdiction under Art. 1823. A writ of

---

1. See Norvell, *Original Jurisdiction of the Court of Civil Appeals to Issue Extraordinary Writs,* 8 Sw.L.J. 389 (1954).

2. Art. 1823 provides: "Said courts and the judges thereof may issue writs of mandamus and all other writs necessary to enforce the jurisdiction of said courts."

Art. 1824 provides: "Said Courts or any Judge thereof, in vacation, may issue the writ of Mandamus to compel a Judge of the District or County Court to proceed to trial and judgment in a cause, returnable as the nature of the case may require."

Art. 1824a provides that the court of civil appeals may issue writs of Habeas Corpus under certain circumstances.

prohibition may be issued to prevent a trial court from interfering with the judgment or subject matter of the suit after the jurisdiction of the court of civil appeals has attached thereto. It is not entirely clear from relator's petition or from the oral argument whether he seeks to enforce the jurisdiction of this Court, arising out of the Habeas Corpus proceedings heretofore held in this Court, or seeks in this Court to enforce the jurisdiction of the 8th Court of Civil Appeals.

▬ It is to be pointed out that there is no appeal pending in this Court involving relator and respondent. The proceedings growing out of and involving the divorce between relator and respondent, in particular the order of the District Court of Guadalupe County removing relator as managing conservator and appointing respondent as managing conservator, was appealed to this Court, but this appeal was transferred under Art. 1738 to the 8th Court of Civil Appeals, which thereafter rendered its judgment and opinion therein, presently pending on application for writ of error in the Supreme Court of Texas. No order or decree of our Court pertaining to this matter is being interfered with or threatened. Moreover, in the Habeas Corpus proceedings in this Court, relator's application for writ of Habeas Corpus was granted and he was ordered released from custody. The herein proceedings involving the writ of attachment of the child do not in any manner threaten or interfere with the judgment of this Court in the Habeas Corpus proceeding.

Our Supreme Court, in *Winfrey v. Chandler*, 159 Tex. 220, 318 S.W.2d 59 (1958), said:

A court which is authorized to issue extraordinary writs to enforce its jurisdiction may not exercise that power in aid of its potential jurisdiction. It is only after the jurisdiction has been invoked in the manner prescribed by law and has thus become active that the court may act to enforce or protect the same.

In *Milam County Oil Mill Co. v. Bass*, 106 Tex. 260, 163 S.W. 577 (1914), the Court said:

The power of a court to enforce its jurisdiction does not include an authority to prevent the prosecution of any suit to which a judgment of the court may be an effectual bar, but which . . . makes no attempt to disturb it, or to interfere with its execution. . . . The assumption of such right would invest a court not merely with the control of its own judgments and authority to enforce its jurisdiction, but with a further power to govern other courts in the exercise of their lawful jurisdiction; and the result would be that the issue of the conclusiveness of a judgment upon what is urged as a distinct cause of action could never be determined except by the court that rendered it. The proper test of the question therefore is, not whether the suit recognizes or repudiates the effect of the judgment, since that does not necessarily involve the jurisdiction of the court, but whether it amounts to an interference with its due enforcement and therefore invades a jurisdiction it is forbidden to trench upon.

*See also Cleveland v. Ward,* 116 Tex. 1, 285 S.W. 1063 (1926); *Berman v. Kirk,* 543 S.W.2d 27 (Tex.Civ.App.—Eastland 1976, mand. overr.); *Guillory v. Davis* , 527 S.W.2d 465 (Tex.Civ.App.—1975, no writ); *Texas Employers Insurance Ass'n v. Kirby,* 150 S.W.2d 123 (Tex.Civ.App.—Dallas 1941, no writ).

Relator does not brief his alternative plea to stay the order of the trial court under Rule 364(f), Tex.R.Civ.P. In any event, we find no merit in such contention, and under the record before us, we have no jurisdiction to issue a stay order under Rule 364(f) in the proceeding herein involved.

We have concluded that:

1. The proceeding of the District Court of Guadalupe County, Texas, here under attack, does not in any manner interfere with, encroach upon, or threaten our jurisdiction.

2. No order, judgment, or decree of this Court is being disobeyed or interfered with, nor is interference threatened.

3. The application herein does not seek to compel the court to proceed to trial and judgment.

4. No Habeas Corpus jurisdiction of this Court is here involved.

Relator's application for writ of prohibition or, alternatively, to stay the order of the trial court under Rule 364(f), is dismissed for lack of jurisdiction.