**Alma SEALE, Relator,**

v.

**Honorable Joseph ASHMORE, Judge, et al., Respondents.**

No. 23379.

Court of Civil Appeals of Texas, Dallas.

Oct. 17, 1979.

Morton Rudberg, Carter, Jones, Magee, Rudberg, Moss & Mayes, Dallas, for relator.

James J. Hartnett, Cecil G. Magee, Dallas, for respondents.

Before GUITTARD, C. J., and ROBERTSON and STOREY, JJ.

GUITTARD, Chief Justice.

Relator Alma Seale has moved for leave to file a petition for writ of mandamus or prohibition to prevent respondent Joseph Ashmore, judge of one of the probate courts of Dallas County, from acting in a probate proceeding in which he is allegedly disqualified because of personal knowledge of the relevant facts. We deny the motion for lack of jurisdiction because the writ is not necessary to enforce our jurisdiction, as required by article 1823, Tex.Rev.Civ.Stat. Ann. (Vernon 1966).

The basis for our jurisdiction is section 6 of article V of the Texas Constitution which, after defining the appellate jurisdiction of the courts of civil appeals, provides further that these courts "shall have such other jurisdiction, original and appellate as

may be prescribed by law." The legislature has defined our original jurisdiction in several statutes, of which we need consider here only article 1823, Tex.Rev.Civ.Stat. Ann. (Vernon 1964), which provides: "Said courts and the judges thereof may issue writs of mandamus and all other writs necessary to enforce the jurisdiction of said courts."

These provisions were construed by this court in *Texas Employers' Ins. Ass'n v. Kirby*, 150 S.W.2d 123 (Tex.Civ.App.—Dallas 1941, no writ) as limiting our jurisdiction to issue writs of prohibition as well as mandamus to cases in which the issuance of such a writ is necessary to enforce our appellate jurisdiction, previously invoked, or to safeguard our judgments. *Id.* at 125. The court observed further that it had no "general supervisory control over district and county courts." *Id.* at 126. That opinion was specifically approved by the Supreme Court. *Texas Employers' Ins. Ass'n v. Kirby*, 137 Tex. 106, 152 S.W.2d 1073 (1941). It has been followed in later cases in which courts of civil appeals have held that they had no original jurisdiction to issue a writ of prohibition because their appellate jurisdiction had not been invoked. *Guillory v. Davis*, 527 S.W.2d 465 (Tex.Civ.App.—Beaumont 1975, no writ); *Cogdell v. Williams*, 461 S.W.2d 187 (Tex.Civ.App.—Eastland 1970, no writ).

Relator cites in support of our jurisdiction the opinion of the Texarkana Court of Civil Appeals in *Turner v. Chandler*, 304 S.W.2d 687 (Tex.Civ.App.—Texarkana 1957, no writ). That case supports relator's position and is closely in point on the facts, since it concerns a writ of prohibition to prevent a trial judge from acting in a case in which he was alleged to be disqualified. In principle, however, we are unable to distinguish it from *Kirby* and the other cases above cited. The Texarkana court, while conceding that it had no jurisdiction to issue a writ of mandamus, granted the same ultimate relief by a writ of prohibition. In support of a supposed common-law authority to issue writs of prohibition, the court cited *City of Houston v. City of Palestine*, 114 Tex. 306, 267 S.W. 663 (1924). In that opinion, the

Supreme Court states that the constitution and statutes confer on the courts of civil appeals "ample power to issue . . . the ancient common-law writ of prohibition, a power exercised by appellate courts from time immemorial." The opinion does not, however, define the scope of that power, since the Supreme Court holds only that it has no appellate jurisdiction to review a decision of the court of civil appeals in the exercise of original jurisdiction. The case which the Supreme Court declined to review was one involving the protection of the jurisdiction of the court of civil appeals against a subsequent suit that would have interfered with enforcement of an earlier judgment affirmed by the appellate court. *City of Palestine v. City of Houston*, 262 S.W. 215 (Tex.Civ.App.—Texarkana 1924, writ dism'd). In view of the later pronouncement by the Supreme Court in the *Kirby* case, we conclude that our jurisdiction to issue such writs is limited to the cases specified in article 1823.

Relator argues that *Turner v. Chandler* is sound from the point of view of judicial economy, and points out that she has no remedy in the Supreme Court because that court has no jurisdiction to issue a writ of mandamus or prohibition against the judge of a probate court. This argument, though appealing, is one more properly to be addressed to the legislature than to the courts.

The motion for leave to file is overruled.