**Joseph Edward PRICE, et al., Relators,**

**v.**

**The Honorable Michael D. MATHENY, Judge of the 279th District Court of Jefferson County, Texas, Respondent.**

**No. 09–81–023–CV.**

Court of Appeals of Texas, Beaumont.

Oct. 20, 1981.

Earle S. Lilly, Houston, for relators.

Edward Lindsey, Houston, Bruce Smith, Everett Lord, Beaumont, for respondent.

## OPINION

PER CURIAM.

In this original proceeding, Relator seeks leave to file an application for a writ of mandamus to compel the Honorable Michael D. Matheny, Judge of the 279th District Court of Jefferson County, Texas, to vacate an order which was entered in a child custody action and to reinstate a counterclaim entered. We deny leave to file for want of jurisdiction.

The original jurisdiction of the Courts of Appeals is extremely limited, the Constitution providing only that "[s]aid courts [of appeals] shall have such other jurisdiction, original and appellate as may be prescribed by law." *Tex.Const.Art. V, § 6.*

The Legislature has authorized the intermediate courts to exercise original mandamus jurisdiction to enforce their own jurisdiction and to compel district judges to proceed to trial and judgment. *Tex.Rev.Civ. Stat.Ann., Arts. 1823 and 1824 (1964),* respectively. *Crane v. Tunks,* 160 Tex. 182, 328 S.W.2d 434, 438 (1959); *Myers v. Myers,* 515 S.W.2d 334, 336 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ dism'd).

Our appellate jurisdiction has not been invoked and we may not exercise our power to issue extraordinary writs in aid of our potential jurisdiction. *Winfrey v. Chandler,* 159 Tex. 220, 318 S.W.2d 59, 61 (1958). Nor is this Court invested with any power of general superintendence of the district and county courts within our territorial jurisdiction. *Milam County Oil Mill Co. v. Bass,* 106 Tex. 260, 163 S.W. 577, 578 (1914). See also, *Guillory v. Davis,* 527 S.W.2d 465 (Tex.Civ.App.—Beaumont 1975, orig. proceedings), and *Seale v. Ashmore,* 589 S.W.2d 812, 813 (Tex.Civ.App.—Dallas 1979, orig. proceedings).

We have examined the authorities cited by Relator * but do not find any to be applicable to the question under consideration, the original jurisdiction of this Court to grant the relief sought.

The application for leave to file the petition for mandamus is denied for want of jurisdiction.

---

* Relator cites, inter alia: *Cassidy v. Fuller,* 568 S.W.2d 845 (Tex.1978); *Beyer v. Diaz,* 585 s.W.2d 359 (Tex.Civ.App.—Dallas 1979, no writ); *Brown v. Brown,* 566 S.W.2d 378 (Tex. Civ.App.—Corpus Christi 1978, no writ).

*Cassidy v. Fuller,* supra, was a mandamus action but it was in the Supreme Court which is governed by vastly different constitutional and statutory provisions than those which govern the intermediate courts. Neither *Beyer* nor *Brown,* supra, were original proceedings; instead, both were appeals from trial court orders and the appeals were dismissed.