**DENY and DISMISS; and Opinion Filed April 14, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00394-CV

### IN RE ANTONIO HERRERA, Relator

**Original Proceeding from the 291st Judicial District Court
Dallas County, Texas
Trial Court Cause No. F11-42288, F11-42289, F11-42290**

## MEMORANDUM OPINION
Before Justices FitzGerald, Francis, and Lewis
Opinion by Justice Lewis

Relator files this petition for writ of mandamus and prohibition arguing that the trial court has abused its discretion in setting conditions for pre-trial bail. The facts and issues are well known to the parties, so we need not recount them herein. We deny the petition to the extent it seeks a writ of mandamus and dismiss the petition to the extent it seeks a writ of prohibition.

This Court has not been given general supervisory control over district and county courts. *Texas Emp. Ins. Ass'n v. Kirby*, 150 S.W.2d 123, 126 (Tex. Civ. App.—Dallas 1941, no writ); *see also Guillory v. Davis*, 527 S.W.2d 465, 466 (Tex. Civ. App.—Beaumont 1975, no writ). Rather, this Court's power to issue writs is statutorily defined and limited. While the Court of Criminal Appeals has broad constitutional power to issue writs of habeas corpus, mandamus, procedendo, prohibition, and certiorari, this Court's statutory general jurisdiction to issue writs is limited to "writs necessary to enforce the jurisdiction of the court." *Compare* Tex. Const. art. V, § 5(c) (Court of Criminal Appeals writ power) *with* TEX. GOV'T CODE ANN. § 22.221(a) (West

2004) (court of appeals general writ power). In addition to its general writ powers, this Court is also statutorily authorized to issue writs of mandamus against judges of district or county courts within its territorial jurisdiction and habeas corpus in civil cases. TEX. GOV'T CODE ANN. §§ 22.221(b), 22.221(d) (West 2004).

In a criminal case, an applicant for mandamus relief must establish that he has no adequate remedy at law to redress the harm he has suffered, and he must show that the act he seeks to compel or prohibit does not involve a discretionary or judicial decision. *Simon v. Levario*, 306 S.W.3d 318, 320 (Tex. Crim. App. 2009). The Court concludes relator has an adequate remedy at law for challenging the conditions the trial court has imposed on his bail. While there is no constitutional or statutory authority granting the courts of appeals jurisdiction to hear interlocutory appeals regarding bail, *Ragston v. State*, No. PD-0824-13, 2014 WL 440964, at *2 (Tex. Crim. App. Feb. 5, 2014), relator may challenge the manner of his pretrial restraint, the denial of bail, or conditions attached to bail via pre-trial writ of habeas corpus in the trial court. *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005); *Ex parte Garrison*, 47 S.W.3d 105, 107 (Tex. App.—Waco 2001, pet. ref'd) (a person complaining of wrongful denial of bail or an unreasonable bail may seek relief via a pre-trial writ of habeas corpus filed in the trial court). Denial of relief on a pre-trial writ of habeas corpus may be appealed immediately. *Smith,* 178 S.W.3d at 801. Thus, relator has an adequate legal remedy to challenge the conditions associated with bail in this case, and he is not entitled to mandamus relief.

Relator is also not entitled to a writ of prohibition. A writ of prohibition in an appellate court is a limited purpose remedy used to protect the subject matter of an appeal or to prohibit an unlawful interference with enforcement of an appellate court's judgment. *In re Bunt*, No. 14-11-00874-CV, 2011 WL 5009472, at *1 (Tex. App.—Houston [14th Dist.] Oct. 20, 2011, orig. proceeding.) (mem. op.). The purpose of the writ is to enable an appellate court to protect and

enforce its jurisdiction and judgments. *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 683 (Tex. 1989) (orig. proceeding). This Court may issue a writ of prohibition: (1) to prevent interference with its jurisdiction in deciding a pending appeal; (2) to prevent a lower court from entertaining a suit that will relitigate controversies that have already been settled by the Court; and (3) to prohibit a trial court's action when it affirmatively appears that the court lacks jurisdiction. *Humble Exploration Co., Inc. v. Walker*, 641 S.W.2d 941, 943 (Tex. App.—Dallas 1982, no writ). Relator has not demonstrated the existence of any of these prerequisites. Accordingly, the Court lacks jurisdiction to entertain a request for a writ of prohibition.

For the reasons set forth above, the Court **DENIES** relator's petition for writ of mandamus. The Court **DISMISSES** relator's petition for writ of prohibition.

/David Lewis/
DAVID LEWIS
JUSTICE

140394F.P05