**Dismissed and Opinion Filed November 23, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-01366-CV

## IN RE REGINALD A. NOBLE, Relator

**Original Proceeding from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F-0050025-K**

# MEMORANDUM OPINION
Before Justices Francis, Myers, and Schenck
Opinion by Justice Francis

Relator filed this petition for writ of mandamus complaining that the trial court failed to comply with its statutory duties in connection with his petition for writ of habeas corpus. We lack jurisdiction over the petition. This Court has not been given general supervisory control over district and county courts. *Texas Emp. Ins. Ass'n v. Kirby,* 150 S.W.2d 123, 126 (Tex. Civ. App.—Dallas 1941, no writ). While the courts of appeals have concurrent mandamus jurisdiction with the Texas Court of Criminal Appeals in post-conviction proceedings in which this Court has appellate jurisdiction over the trial court's ruling, *see, e.g.*, *Padilla v. McDaniel,* 122 S.W.3d 805, 808 (Tex. Crim. App. 2003) (forensic DNA testing), the Court has no jurisdiction in post-conviction habeas corpus proceedings brought under article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *In re McAfee,* 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). "Article 11.07 contains no role for the courts of appeals; the only courts referred to are the

convicting court and the Court of Criminal Appeals." *In re McAfee,* 53 S.W.3d at 718. Consequently, any complaints about action or inaction on a matter related to a post-conviction petition for writ of habeas corpus must be brought by mandamus to the Texas Court of Criminal Appeals and not to this Court. *In re McAfee,* 53 S.W.3d at 717.

We dismiss the petition for want of jurisdiction.

151366F.P05

/Molly Francis/
MOLLY FRANCIS
JUSTICE