55,341-31

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
OFFICIAL BUSINESS P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711
STATE OF TEXAS
PENALTY FOR
PRIVATE USE

PITNEY BOWES
ZIP 78701 $ 000.27⁵
02 1W
0001401623 DEC 01 2015

WR-55,341-31

Abel Acosta, Clerk

11/20/2015
NOBLE, REGINALD ARLIEGH Tr. Ct. No. W0050025
On this day, the original application for writ of mandamus has been received and
presented to the Court.

PRESORTED
FIRST CLASS

TX TX 92

REGINALD ARLIEGH NOBLE
CLEMENTS UNIT - TDC# 1019577
9601 SPUR 591
AMARILLO, TX 79107-9606

AEB 79107

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 21 2015

Abel Acosta, Clerk



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-15-01366-CV

## IN RE REGINALD A. NOBLE, Relator

Original Proceeding from the Criminal District Court No. 4
Dallas County, Texas
Trial Court Cause No. F-0050025-K

# MEMORANDUM OPINION

Before Justices Francis, Myers, and Schenck
Opinion by Justice Francis

Relator filed this petition for writ of mandamus complaining that the trial court failed to comply with its statutory duties in connection with his petition for writ of habeas corpus. We lack jurisdiction over the petition. This Court has not been given general supervisory control over district and county courts. *Texas Emp. Ins. Ass'n v. Kirby*, 150 S.W.2d 123, 126 (Tex. Civ. App.—Dallas 1941, no writ). While the courts of appeals have concurrent mandamus jurisdiction with the Texas Court of Criminal Appeals in post-conviction proceedings in which this Court has appellate jurisdiction over the trial court's ruling, *see, e.g., Padilla v. McDaniel*, 122 S.W.3d 805, 808 (Tex. Crim. App. 2003) (forensic DNA testing), the Court has no jurisdiction in post-conviction habeas corpus proceedings brought under article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). "Article 11.07 contains no role for the courts of appeals; the only courts referred to are the

convicting court and the Court of Criminal Appeals." *In re McAfee*, 53 S.W.3d at 718. Consequently, any complaints about action or inaction on a matter related to a post-conviction petition for writ of habeas corpus must be brought by mandamus to the Texas Court of Criminal Appeals and not to this Court. *In re McAfee*, 53 S.W.3d at 717.

We dismiss the petition for want of jurisdiction.

151366F.P05

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Order entered November 23, 2015



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-01366-CV

### IN RE REGINALD A. NOBLE, Relator

Original Proceeding from the Criminal District Court No. 4
Dallas County, Texas
Trial Court Cause No. F-0050025-K

## ORDER
Before Justices Francis, Myers and Schenck

Based on the Court's opinion of this date, we **DISMISS** the petition for writ of mandamus. Although we have considered relator's petition without the prepayment of costs, we **DENY** as moot relator's motion for leave to file his affidavit of indigence. We **DENY** as unnecessary relator's motion for leave to file his petition for writ of mandamus. We **ORDER** relator to bear the costs of this original proceeding.

/s/ MOLLY FRANCIS
JUSTICE