James F. HURY, Jr., Criminal District
Attorney, Galveston County,
Texas, Relator,

v.

Don B. MORGAN, Judge of 212th
District Court of Galveston,
Texas, Respondent.

No. 17481.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

May 11, 1979.

James F. Hury, Jr., Galveston, for relator.

WARREN, Justice.

Relator, the district attorney of Galveston County, Texas, filed a motion for leave to file an original petition for writ of mandamus in this court seeking to compel the Honorable Don B. Morgan, judge of the 212th District Court, Galveston County, Texas, to withdraw an order issued by him expunging the felony arrest records of Millard Dola Fleetwood.

Millard Dola Fleetwood was indicted by the grand jury of Galveston County, Texas, for the offense of felony theft. He was arrested, but later the indictment was dismissed. He then filed a petition in the 212th District Court, in accordance with Art. 55.01 Tex.Code Crim.Pro.Ann. (Vernon ·1966) to expunge his arrest records, which was granted by respondent.

Art. 55.01 Tex.Code Crim.Pro.Ann. (Vernon 1966) provides that persons may be entitled to have their arrest records expunged under certain conditions. Art. 55.02 Tex.Code Crim.Pro.Ann. (Vernon 1966) provides for the procedure to be followed by the petitioner and the court when the records are sought to be expunged.

Briefly, the statutes require a petition, notice, hearing, and, if such petition is granted, prescribe a procedure for the destruction or sealing of the records.

Relator contends that the expunction by the district court constituted an abuse of discretion, and because there is no adequate remedy at law he is entitled to file the original writ with this court. We disagree.

The power of courts of civil appeals to issue writs of mandamus is limited. They may issue such writs only in protection of their appellate jurisdiction, [Tex.Rev.Civ. Stat.Ann. art. 1823 (Vernon 1964)] to order a trial judge to proceed to trial and judgment, [Tex.Rev.Civ.Stat.Ann. art. 1824 (Vernon 1964)], or to compel any judge or clerk of an election or any official connected therewith to comply with the law regarding the holding of any general, special or primary election or any convention of a political party. [Tex.Rev.Civ.Stat.Ann. art. 1735a (Vernon Supp. 1978–1979)].

Relator cites cases which he contends support the proposition that mandamus is a proper remedy where there has been an abuse of discretion, but none of these cases involve an original proceeding filed in the court of civil appeals to modify or vacate an order of a district judge. The power to grant such relief, if proper, is vested in the Supreme Court of Texas and not in the court of civil appeals. Tex.Rev.Stat.Ann.

art. 1733 (Vernon 1962). *Crofts v. Court of Civil Appeals*, 362 S.W.2d 101 (Tex.1962).

Only the Supreme Court has power in mandamus proceedings to require a district court to set aside an illegal order. *Chapa v. Betts*, 534 S.W.2d 446 (Tex.Civ.App.—Austin 1976, no writ).

There being no facts alleged which could invoke the jurisdiction of this court, motion for leave to file an original petition for a writ of mandamus is refused.